BAKER, (STUDLEY v.) See Case No. 13,559.

BAKER, (SUNDERLAND v.) See Case No. 13,617.

## Case No. 782.

BAKER et al. v. TAYLOR.

[2 Blatchf. 82.] [1]

Circuit Court, S. D. New York. March 20, 1848.

COPY-RIGHT—TITLE TO—CONDITIONS PRECEDENT—EFFECT OF MISTAKE—PUBLICATION.

1. Under the copy-right act of February 3d, 1831, (4 Stat. 436,) the deposit of the title-page in the proper clerk's office, the publication of notice according to the act, and the delivery of a copy of the book, are indispensable conditions precedent to a title to a copy-right.

[Cited in Boucicault v. Hart, Case No. 1,692; Parkinson v. Laselle, Id. 10,762. Distinguished in Myers v. Callaghan, 5 Fed. 730.]

[See Boucicault v. Wood, Case No. 1,693; Struve v. Schwedler, Id. 13,551.]

2. Where the title-page of a book was deposited in 1846, and the notice of the entry, as printed in the copies of the book, stated the entry to have been made in 1847: Held that, under section 5 of the act, the error was fatal to the title.

[Cited in Donnelley v. Ivers, 18 Fed. 594; Schumacher v. Wogram, 35 Fed. 211. Distinguished in Farmer v. Calvert Lithographing, etc., Co., Case No. 4,651; Myers v. Callaghan, 5 Fed. 730.]

3. Whether the error arose from mistake or not, makes no difference.

4. A sale of a book naturally imports publication, and the presumption is that the purchaser exercised his right to know the contents of the book and to make them known to others, and that an actual publication followed the sale.

[Cited in Parton v. Prang, Case No. 10,784.]

5. Hence, where copies of a book were sold prior to the date of the deposit of a copy of the title-page: Held, that such sale was evidence of a publication of the book at the time of the sale.

[Cited in Parton v. Prang, Case No. 10,784. Distinguished in Farmer v. Calvert Lithographing, etc., Co., Id. 4,651.]

6. And, where a printed copy of the book, then complete, was deposited in the clerk's office at the same time the title-page was deposited there: Held, that these facts, in connection with the fact of such prior sale, warranted

the inference of an actual publication of the book prior to the date of such deposit.

[Cited in Daly v. Brady, 39 Fed. 266.]

7. Under section 4 of the act, a person is not entitled to the benefit of a copy-right, unless he deposits the title-page before the publication of the book.

[See Struve v. Schwedler, Case No. 13,551.]

[8. On motion to enjoin an infringement of copyright, the affidavit of defendant is competent evidence against the oath of the plaintiffs to the bill.]

In equity. This was an application [by Isaac D. Baker and Charles Scribner against John S. Taylor] for a provisional injunction to restrain the defendant from infringing an alleged copy-right of the plaintiffs to a book entitled "The Sacred Mountains, by J. T. Headley, author of Napoleon and his Marshals, etc.: Illustrated." The bill alleged, that the plaintiffs, being sole owners of the said work, which was composed and written by said Headley, but had not then been published, on the 10th of November, 1846, deposited in the office of the clerk of the district court for the southern district of New York, a printed copy of the title-page of the book, and on the same day delivered to the said clerk a printed copy of the book itself; and that, previous to its publication, they caused to be printed on the page immediately following the title-page, in each copy published: "Entered according to the act of congress, in the year 1847, by Baker & Scribner, in the clerk's office of the district court of the southern district of New York." The bill alleged that the year 1847 was printed by mistake for 1846.

The defendant opposed the application, on an affidavit of his own, stating that, at the time the title of the book was deposited, he was a clerk of the plaintiffs, and made known to them the said error in the imprint before the book was published, but that they declined having it corrected; and that he personally knew that the plaintiffs, by themselves and their clerks, sold divers copies of the book prior to the 10th of November, 1846. [Injunction refused.]

Seth P. Staples, for plaintiffs.

Hiram P. Hastings, for defendant.

BETTS, District Judge. The act of congress, entitled "An act to amend the several acts respecting copyrights," passed February 3d, 1831, (4 Stat. 436,) embodies the provisions of the acts of May 31st, 1790, and of April 29th, 1802, on the subject, and imposes on persons claiming the privilege of a copyright the same duties and liabilities which attended the right under the prior statutes. It is quite useless to go into the general learning appertaining to the subject, or to state at large the decisions rendered in Great Britain under the English statutes. The supreme court of the United States, in the case of Wheaton v. Peters, 8 Pet. [33 U. S.] 591, has given an exposition of our statutes, which is obligatory on this court, and essen-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

tially covers the main question raised on this motion. The principle declared by that decision is, that under the laws of the United States a copy-right title is not perfected without a strict compliance with the provisions of the statute. Those requirements which, in England. are generally regarded as directory, and not as conditions precedent to title, (1 Daniell, Ch. Pr. 419; Curt. Copyr. 198, 205; Gods. Pat. 211,) are, under our laws, important and indispensable pre-requisites to a perfect title. Depositing the title-page in the proper clerk's office, publishing a notice according to the act, and delivering a copy of the book, are held to be conditions, the performance of which is essential to the title. On that authority, I think the point is placed beyond question, that the failure, in the present case, to publish the notice demanded by the act, in the manner directed, creates a fatal defect in the plaintiffs' title. Even though the failure to publish the statutory notice arose from mistake, this court would have no power to accept the intention of the party, in place of a performance, any more in respect to the insertion of that notice on the proper page, than in respect to the deposit of the title of the book.

But there was no mistake in this case. The plaintiffs knew of the error before the book was published. They, however, regarded it as trivial, and not worth the expense and trouble of correction. But congress, in the 5th section of the act of 1831, have seen fit to make the copy-right dependent upon the particular act of giving the notice, and, to mark its importance, the statute sets forth the words in which the notice shall be given. The direction must be strictly complied with.

The affidavit of the defendant, which, on a motion for an injunction, is competent evidence against the oath of the plaintiffs to the bill, proves sales of the work by the plaintiffs prior to the 10th of November, 1846, when the title of the book was deposited. It is argued for the plaintiffs that these alleged sales were only consignments of the work in advance of the publication, and that publication, by putting the book in circulation, was not made until after the date of the deposit of the title. There is no proof to support this version of the facts. A sale naturally imports publication. The purchaser having the right to know the contents of the book, and make them known to others, no presumption can be raised that the right was not exercised, or that an actual publication did not follow the sale. On the contrary, the presumption is the other way. And the inference is strong, that actual publication was made, as sworn to by the defendant, anterior to the 10th of November, from the fact that a printed copy of the work, then complete, was on that day deposited in the clerk's office, the deposit of the book, complete for circulation, and the deposit of the title being simultaneous acts. The 4th section of the act, in express words, denies all benefit to

a person, under the act, unless he shall, before the publication of his work, deposit the title-page, &c.

The plaintiffs have failed to show themselves entitled to the injunction prayed for.