## Case No. 15,813.

UNITED STATES v. MORRIS.

[16 Blatchf. 133;[1] 7 Reporter, 581; 19 Alb. Law J. 403.]

Circuit Court, S. D. New York. March 29, 1879.

FORGERY—POST OFFICE MONEY ORDER.

An indictment under section 5463 of the Revised Statutes of the United States, which charges a person with having forged a material endorsement on a post office money order, with intent to defraud C., charges what is an offence against the United States.

[This was an indictment against James Morris. Motion in arrest of judgment.]

C. P. L. Butler, Asst. U. S. Dist. Atty.
Henry W. Sackett, for defendant.

## Case No. 15,814.

UNITED STATES v. MORRIS et al.

[2 Bond, 23;[2] 3 Fish. Pat. Cas. 72.]

Circuit Court, S. D. Ohio. April Term, 1866.

PENAL ACTION — UNAUTHORIZED USE OF WORD "PATENT"—PATENTABLE ARTICLE—DECLARATION.

1. Suits for the recovery of the penalty prescribed by section 5 of the act of August 29, 1842 [5 Stat. 544], for affixing the word "patent" to unpatented articles, must be brought in the name of the informer and not in the name of the United States.

2. Although the statute affixes a penalty for placing the word "patent" on an unpatented article, yet it must be construed to mean that such article, if not patented, was patentable.

[Disapproved in Oliphant v. Salem Flouring Mills, Case No. 10,486. Cited in Rosenbach v. Dreyfuss, 2 Fed. 221.]

3. To justify a judgment for a penalty for putting the word "patent" on an unpatented article, the declaration must allege, and there must be proof on the trial, that the article was legally the subject of a patent.

[Cited in Giant Powder Co. v. Safety Nitro Powder Co., 19 Fed. 509.]

4. As the statute is higly penal, it must receive a strict construction, and can not be held to embrace any act which, although within the strictness of its letter, is against reason and common sense.

5. It can not be supposed that congress intended to attach a penalty to placing the word "patent" on any article which was frivolous in itself, and which imported no novelty, or the exercise of any inventive talent, and which could therefore deceive no one.

This was a demurrer to the declaration in an action of debt brought in the name of the United States [against Charles N. Morris and Henry Brachmann] to recover the penalty of one hundred dollars prescribed by section 5 of the act of August 29, 1842, for placing the word "patent" on certain business cards.

R. M. Corwine, U. S. Dist. Atty.
Lyman Walker, for defendants.

LEAVITT, District Judge. The declaration in this case is in debt for a penalty of one hundred dollars, alleged to have been incurred by the defendants, and to be owing to the United States. There is a demurrer to the declaration on several grounds specified, some of which will be referred to hereafter. The question before the court is: Whether, from the averments of the declaration, the United States is entitled to a judgment for the penalty claimed, supposing the facts averred to be true.

The declaration sets out, in substance, that the defendants were publishers, for compensation, of business cards and other printed matter, on pasteboard and paper, at the city of Cincinnati, and that "with the intent and for the purpose of deceiving the public, and without having obtained letters patent therefor, the defendants, in the name of Morris, Pr. Cin.," did knowingly and unlawfully print and publish for sale, and did then and there unlawfully deliver for circulation among the public, to one James Hargan, O. B. Sappington, and R. S. McKee, partners, etc., five hundred business cards of and for said firm, with the word "patent" printed thereon, meaning and intending thereby to pretend to the public that the defendants had obtained the letters patent of the United States giving them the sole and exclusive right to print, publish, and sell said cards. A copy of the

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[2] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

card is then set out in the declaration, from which it seems to be a card notifying the public that the firm of Hargan, Sappington & Co. are dealers in groceries and sundry articles of produce, at Madison, Indiana. The words "Morris, Printer, Cin. Patent," appear in a corner of the card. It is then averred that this is "contrary to the statute in such case made and provided," and that defendants have thereby incurred a penalty of one hundred dollars.

The action is based on section 5 of the act of August 29, 1842 (5 Stat. 543). The first part of the section prohibits any person from placing or inscribing in any form the name, or any imitation of the name, of the patentee of any invention without consent of such patentee or his assignee or legal representatives; and the section also prohibits any person, not being a purchaser, or not having the consent of, or a license from, the patentee, from putting on the thing patented, in any form, the words "patent," or "letters patent," or "patentee," with intent to imitate or counterfeit the stamp or device of the patentee. Then comes the provision under which this suit is instituted, prohibiting any person from affixing any word, stamp, or device on an unpatented article for the purpose of deceiving the public. The penalty for any one of the acts specified in the section is "not less than one hundred dollars, with costs, to be recovered by action in any of the circuit courts or district courts of the United States having the powers and jurisdiction of a circuit court, one-half of which penalty, as recovered, shall be paid to the patent fund, and the other half to any person or persons who shall sue for the same."

One of the points presented by the demurrer is that suits for the recovery of the penalty provided in the section referred to, must be brought by an informer, and can not be sustained solely in the name of the United States. If this objection is well taken, it is fatal to the present action. The solution of this question depends on the construction to be given to that part of the section of the law above cited, which prescribes the mode of enforcing the penalties incurred. The penalty for each act specified is not less than one hundred dollars, one-half of which is to be paid to the patent fund and the other half "to any person or persons who shall sue for the same." It is not declared, as is usual where an act is prohibited and a penalty is provided, that it shall or may be recovered in the name of the United States, and the absence of such a provision, as applicable to this section, is significant. As to that part of the section imposing a penalty for placing the words "patent," "patented," or "patentee," on a patented article or invention, the patentee or assignee is the person who alone can be materially injured by the attempted deception, and would seem to be the person who ought to sue. And it clearly was not the intention of the statute, that the United States should bring suit for the penalty in its own name without the intervention of an informer. That would be imposing a burden on the government not intended by the statute. The provision in the close of the section that one-half of the penalty shall go to the patent fund and the other half to any person or persons who shall sue for the same, leads clearly to the conclusion that the action must be prosecuted by an informer, or, if the name of the United States can be properly used, it must be in connection with a person, to be named as informer, who shall be responsible, in case the action is not sustained, for costs, or other consequences resulting from its failure. It has been repeatedly held that the United States, or indeed any corporation, can not be an informer where the statute requires a person to act in that character. It is clear, therefore, that this action can not be sustained upon the theory that the United States is the informer. The form of the remedy being pointed out by the statute, must be strictly pursued. Ferrett v. Atwill [Case No. 4,747]. And the requirement that half the penalty shall go to the person or persons who shall sue for the same, means, by the clearest implication, that there must be the intervention of an informer. If this had not been the intention of the law, there would doubtless have been an explicit provision that the penalty may be recovered in the name of the United States.

There is but one reported case within my knowledge of a suit under the section of the statute which has been cited. None of the questions arising on this demurrer were presented in that case, and it is only referred to as showing that the action was prosecuted qui tam. The title of the case is Stimpson v. Pond [Id. 13,455]; and in the case of Ferrett v. Atwill [supra] the suit was brought in the same way, and not in the name of the United States; not under the same, but a similar statutory provision.

I am, therefore, clear in the opinion that the demurrer must be sustained for the reason that this suit is prosecuted in the name of the United States, and not in the name of an informer. But if there is any doubt upon this point, there is another ground on which I must hold the demurrer is well taken. It was not urged in the argument, but it has occurred to me as entirely conclusive.

The declaration avers that the defendants for the purpose of deceiving the public, and not having letters patent therefor, knowingly and unlawfully printed and circulated a business card, with the word "patent" printed thereon, meaning thereby that they had letters patent for the card, and had the exclusive right to print and sell the same. The charge then is, that defendants caused the word "patent" to be printed on the card, for which they had no patent. It is not averred, however, that any other person had a patent for the card, nor is it alleged that the card, as described in the declaration, was legally the subject of a patent. Now although the statute,

without much show of reason on any ground of public policy, affixes a penalty for placing the word "patent" on an unpatented article, yet it must be construed to mean that such article, if not patented, was patentable. As the statute under which this action is brought is highly penal, it must receive a strict construction, and can not be held to embrace any act which, though within the strictness of its letter, is against reason and common sense. It would be doing injustice to the framers of this law to suppose they intended to include in its prohibitions, and to visit with a penalty, the mere act of putting the word "patent" on an article neither patented nor patentable. Novelty and utility are essential elements of every valid patent issued under the laws of the United States. And it is clear to my mind that to justify a judgment for a penalty for putting the word "patent" on an article, the declaration must allege, and there must be proof on the trial, that it was legally the subject of a patent. It can not be supposed that congress intended a penalty to attach to the use of that word on any article which was frivolous in itself, and which imported no novelty or the exercise of any inventive talent, and which could therefore deceive no one. Suppose an individual, as a freak of fancy or even with the hope of profit, should inscribe the word "patent" on the simplest bauble made for the amusement of children, could it be predicated by the act that there was an intention to deceive the public, and that he thereby incurred the penalty provided by the statute referred to? It seems to me no one could hesitate to give a negative response to this question.

Now the thing or article on which the declaration avers that the word "patent" was unlawfully inscribed was a business card in the ordinary form and without peculiar ornamentation. or anything to distinguish it from the millions that are in constant use by business men. There may be something novel and patentable in the fixtures or machinery by which the card was printed, and these defendants may have a patent for it; and for this reason may have supposed it proper to put the word "patent" on the cards printed by them. But the question arising on this demurrer does not involve that inquiry. It is simply whether in declaring for the penalty under the statute, it is not incumbent on the plaintiff to aver, and on trial to prove, that the article or thing on which the word "patent" was placed was legally the subject of a patent, to sustain the presumption that it had the qualities of novelty and utility. And I am clear, that as this declaration contains no such averment, it is bad on demurrer.

I am not able to refer to any case in which this point has been judicially considered. I think, however, the conclusion I have reached rests on a firm basis of reason; and I shall continue to think so until my views are repudiated by a higher court.

There were several points made in the argument to which I have not adverted. Those stated, it seems to me, are decisive.

Demurrer to declaration sustained.