Choate, D. J.
Four actions between these parties have been consolidated, and the plaintiff has served amended complaints, stating separately the causes of action originally set forth in the several complaints. The suits were all for penalties under Eev. St. § 4963, which is as follows: “Every person who shall insert or impress such notice, or words of the same purport, in or upon any book, map, chart, musical composition, print, cut, engraving, or photograph, or other article for which he has not obtained a copyright, shall be liable to a penalty of $100, recoverable, one-half for the person who shall sue for such penalty, and one-half to the use of the United States.”
The notice referred to is the following: “Entered according to act of congress in the year-• — , by A. B., in the office of the librarian of congress, at Washington.”
In the first complaint the plaintiff alleges “that on the first day of November, 1878, and at divers times between said day and the commencement of this action, the said defendants, contrary to the statute in such case made and provided, (Eev. St. title 9, o. 3,) did impress and cause to be *218 impressed upon certain divers prints of small balloons, with printing for embroidery and cutting lines, to the number of 34 of said balloons, and for which said defendants had not obtained a copyright, and which had not and have not been copyrighted, the following words: ‘Copyrighted 1878, by Dreyfuss & Sachs, No. 7577,’ and against the form of the statute, and with intent to deceive the public and evade the statute, whereby and by virtue of the statute the said defendants have forfeited and become liable to pay to the plaintiff the sum of $3,400 penalties, etc.; being $100 for each of said 34 violations aforesaid of said statute, ” etc. Then follows an averment of a demand and refusal, and prayer for judgment in the sum of $3,400.
The second complaint is in similar form, for impressing or causing to be impressed the same words on “prints of large balloons, with printing on them for embroidery and cutting lines,” to the number of 95 “of said balloons,” and prays judgment in $9,500 penalties.
The third complaint is in six counts, each of which is in similar form, for a penalty of $100, for impressing said words on “a certain print of large balloon, with printing thereon for cutting lines,” and prays judgment for $600 penalties.
The fourth complaint is similar in form, charging the impression of the same words upon “prints of hanging baskets, with printing for embroidery and cutting lines,” to the number of six of “said hanging baskets,” and prays judgment for $600 penalties.
To the first, second and fourth complaints, and to each count in the third complaint, the defendant has demurred on the ground “that it does not state facts sufficient to constitute a cause of action.”
Upon the argument of the demurrers the defendant has contended that an informer is entitled to recover but one penalty, of $100, for all violations of law prior to the commencement of his suit; and, also, that Eev. St. § 4963, is unconstitutional. It is unnecessary, however, to determine these questions, as the demurrers must be sustained on another ground.
*219 The point is taken, in support of the demurrers, that the statute applies only in ease of impressing the prohibited words ■on articles that are the proper subject of copyright, or copyrightable articles, and that it does not appear on the complaint that the articles described therein as “prints of balloons,” and “prints of hanging baskets,” are copyrightable; that, on the contrary, it does appear on the complaint that they are not copyrightable. As to this point, I think the statute is to be construed as imposing the penalty only in case nf copyrightable articles. It is to be construed in connection with the other sections relating to the same subject-matter.
Section 4952 defines what may be copyrighted: “Any book, map, chart, dramatic or musical composition, engraving, cut, print, or photograph or negative thereof, or of a painting, drawing, chromo, statue, statuary,” and “models or designs intended to be perfected as works of the fine arts.” Section 4954 imposes, as a condition, of the renewal, the recording of the “title of the work or description of the article” within a certain time. Section 4956 requires the delivery to the librarian of congress of a printed copy of the title of the “book or other article,” or a description of the “painting, drawing, chromo, statue, statuary, or a model or design for a work of the fine arts,” and a delivery of two copies of such “book or other article,” or in case of a “painting, drawing, statue, statuary, model or design for a work of the fine arts, ” a photograph. Section 4957 requires the librarian to record the name of such “copyright book or other article.” Section 4958 prescribes his fee for recording the title or description of any “copyright book or article.” Section 4959 requires the proprietor of every “copyright book or other article” to deliver at Washington two complete copies of the best edition. Section 4961 requires the postmaster to give a receipt for such “copyright book, title or other article.” Section 4962, which is directly referred to in section 4963 in the words “such notice,” meaning the notice set forth in section 4962, provides “that no person shall maintain an action for the infringement of his copyright unless he shall give notice thereof by inserting in the several copies of every edition *220 published, on the title page or the page immediately following, if it be a book; or if a map, chart, musical composition, print, cut, engraving, photograph, painting, drawing, chromo, statue, statuary, or model or design intended to be perfected or completed as a work of the fine arts, by inscribing upon some portion of the face or front thereof, or on the face of the substance on which the same shall be mounted, the following words: “Entered according to act of congress, ” etc.
It is, I think, sufficiently obvious that the words “or other article,” in section 4963, following the enumeration, “any book, map, chart, musical composition, print, cut, engraving or photograph,” do not mean any article whatsoever, whether copyrightable or not, but must be taken as limited to other articles, which in the preceding sections are described as the proper subject of copyright, a part of which only are expressly enumerated in this section; that the word “article” here is used in the same sense in which it is employed, in the other sections. If it had been the purpose of congress to impose a penalty for using this notice on any article whatever, there was no occasion for the enumeration of “book, map, chart,” etc., in section 4963. That enumeration should have been avoided as tending to mislead. The meaning would much more clearly have been expressed without any such enumeration. There is also no apparent object or obvious reason of public policy in imposing a penalty for using this notice on any article not subject to copyright. The purpose of the statute seems to be to protect persons entitled to copyrights from their privilege being impaired, cheapened, and lessened in value by the unauthorized assumption of the privilege by persons not entitled thereto.
The offence is deceiving the public by the false assertion of a valuable privilege to which a party is not entitled. But it is obvious that the public cannot be deceived by putting such a notice on articles not the proper subject of copyright, any more than they can be deceived by putting the mark “patent” on an article not patentable. There is, therefore, no reason for extending the terms of this statute, which is penal and to be strictly construed, beyond the case of articles subject tc *221 copyright, which is the limit indicated by the terms of the statute itself, if read in connection with the other sections. All doubt, however, that this is the proper construction is dispelled by an examination of the act of 1870, c. 230, §§ 97, 98, (16 St. 214,) of which Rev. St. §§ 4962, 4963 are a re-enactment. Section 98, which imposes this penalty, uses the expression, “any book, map, etc., or other articles herein named, for which he has not obtained a copyright.” In the Rev. St. § 4963, this is abbreviated into “or other article for which he has not obtained a patent.” The words “herein named” were undoubtedly dropped as unnecessary, the context clearly restricting the words “or other article,” as the words “herein named” had before done. A similar construction of a statute, imposing a penalty for using the word “patented” on an unpatented article, was made in U. S. v. Morris, 2 Bond, 23.
Assuming, then, that the penalty applies only to articles subject to copyright, the question is whether the articles described in the complaint are subject to copyright. They are described as “prints of small balloons, with printing for embroidery and cutting lines;” as “prints of large balloons, with printing on them for embroidery and cutting lines;” and as “prints of hanging baskets, with printing for embroidery and cutting lines.”
The word “print,” in section 4952, is used in connection with “engraving, cut and photograph.” It means, apparently, a picture, something complete in itself, similar in kind to an engraving, cut or photograph.
It clearly does not mean something printed on paper, that is not intended for use as a picture, but is itself to be cut up and embroidered, and thus made into an entirely different article, as a balloon or a hanging basket. There is, perhaps, some little doubt what is meant by a “print of a balloon, with printing for embroidery and cutting lines;” but I do not think the words import a mere picture of something, or a print, the use of which is the pictorial representation of something.
As I understood the counsel, upon the argument, it was not contested that the meaning was that the form of the *222 different parts of the balloon is marked out with lines showing how the paper is to be out to make the different parts fit together, so as to construct of them a balloon, and with other marks indicating where and how they may be embroidered. This seems to be the fair meaning of the words, and I think I do no injustice to the plaintiff in assuming it to be the meaning, since his counsel have assumed it, and attempted to show, as matter of law, that such an article is subject to copyright, either as a “print, ” or as a “model or design intended to be perfected as a work of the fine arts.” I think, however, it does not come within the statute under either of these specifications.
As to “prints,” in addition to what has already been said, it is only necessary to refer to the statute of June 18, 1874, (18 Stat. 78,) which is to be treated as a statute subsequent in time to the Revised Statutes.
The first section re-enacts, with some amendment, Rev. St. § 4962. The third section provides “that in the construction of this act the words ‘engraving,’ ‘cut,’ and ‘print,’ shall be applied only to pictorial illustrations, or works connected with the fine arts; and no prints or labels designed to be used for any other articles of manufacture shall be entered under the copyright law, but may be registered in the patent office. ” Section 4 repeals “all laws and parts of laws inconsistent with the foregoing provisions.” It seems to be entirely clear that these printed balloons, intended to be cut apart and manufactured into balloons, cannot be considered “pictorial illustrations, or works connected with the fine arts, ” within the meaning of this act, although they may be “prints or labels designed to be used for another article of manufacture,” which are patentable under Rev. St. § 4929. Nor are they “models or designs intended to be perfected as works of the fine arts,” within section 4952.
Balloons and hanging baskets, with or without embroidery,, are not works of the fine arts, unless the words “fine arts” are to have an extension far beyond their usual and propel significance.
Of such model or design, by section 4956, a photograph *223 must be sent to Washington. This also affords some indication that the words “works of the fine arts” are used in their proper and customary sense; but the words themselves are too plain and well understood to be extended as the plaintiff claims.
The case of Marsh v. Warren, 14 Blatch. 263, which is cited by plaintiff’s counsel, does not hold that “prints or labels, designed to be used.for any other article of manufacture, ” as distinguished from “prints” which are “pictorial illustrations, or works connected with the fine arts,” are copyrightable, instead of patentable. It simply holds, in conformity with the express provision of the third section of the act of J :ne 18, 1874, (18 St. 79,) that the provisions of the copyright law, as to the entry and registry of “prints,” shall apply to this class of prints and labels under the supervision of the commissioner of patents, with the single exception of the fees to be paid to the commissioner.
This clearly does not make such prints and labels copyrightable. It simply applies to those articles which, under Bev. St. 4929, are made patentable, certain provisions of the copyright law, which impose certain prescribed conditions on which the exclusive right or privilege granted is made to depend. In other words, the statute adopts for certain patented articles, and applies to them, certain provisions of the copyright law.
By the same third section such prints and labels are. by necessary implication, if not expressly, excluded from the category of copyrightable articles, if, by any liberal construction of the law, they might have been held to be within it before, which I do not think was the case.
The act is entitled “An act to amend the law relating to patents, trade-marks and copyrights.” The law of copyrights (Rev. St. § 4962) requires every copyrighted article to be marked as copyrighted, and the law of patents required every patented article to be marked as patented, (Rev. St. 4900;) and in each case a penalty is imposed for the false use of the mark, (Rev. St. 4901, 4963.)
*224 It would be such a strange departure from this settled policy of these laws that one particular class of copyrighted articles, namely, this class of “prints and labels,” if they are copyrightable, should be expressly excluded, without any apparent reason, as they are by the third section of the act, from being marked as copyrighted; that, whatever may have been the construction of the former laws, this exclusion must be taken to show the intention of congress that thereafter these articles should be excluded from the category of copyrighted articles.
I think, therefore, that it does appear on the face of the complaints that the articles described are not subject to copyright. Even if the language used is not plain enough fairly to import that, it certainly does not appear on the complaint that they are articles subject to copyright. “Prints” may or may not be the subject of copyright. And the rules .of pleading require that, if the article mentioned in the complaint may or may not be within the statute, it should be averred to be within it. Such averment is necessary, unless the terms used in describing the thing necessarily bring it within the statute.
In U. S. v. Morris, et supra, it was held that it was necessary to aver as well as to prove that the article was patentable. See, also, Wilson v. Manfg. Co. 9 N. Y. Weekly Digest, 340. This is in accordance with the general rule of pleading that the plaintiff must state a case for recovery with reasonable certainty, and in case of doubt a pleading must be taken most strongly against the pleader.
It is not enough that the defendant may be liable if the facts stated in the complaint be true. It must appear that he is liable if the complaint is true.
These complaints, therefore, do not state facts sufficient to constitute a cause of action, because it does not appear by them that the articles described therein were copyrightable, or articles for which a copyright could be granted under the laws of the United States.
Demurrers sustained. Judgment on the demurrers for the *225 defendants, with costs, unless -within five days defendants apply on affidavit for leave to amend, in which case the entry of judgment or further order will await the determination of such motion.