SCHUMACHER *et al.* v. WOGRAM *et al.*

(*Circuit Court, S. D. New York.* May 25, 1888.)

COPYRIGHT—PICTURES—DESIGNS FOR TRADE-LABELS.
 Plaintiffs designed a picture. representing a young woman holding a bouquet of flowers, to be printed on labels for cigar boxes, and delivered to the librarian of congress a description of the picture by the title "Nosegay," and the librarian duly recorded the name of the picture. *Held*, that this was an attempted evasion of act Cong. June 18, 1874, § 3, providing that no prints or labels designed to be used for any article of manufacture can be copyrighted, but authorizing them to be registered as trade-marks; and that plaintiffs' design could not be protected as a copyright.

In Equity. Motion for injunction.
*A. T. Gurlitz*, for plaintiffs.
*W. B. Putney*, for defendants.

WALLACE, J. The plaintiffs seek an injunction *pendente lite* to restrain infringement of their alleged copyright in a picture. It appears that the plaintiffs manufacture prints or labels, and sell them to dealers in cigars and other manufactured articles, to be affixed to cigar boxes or other articles. The plaintiffs, in making their prints, design a pictorial illustration in colors, cut an impression of it upon lithographic stones, and print copies. In the present case they designed a picture representing a young woman holding a bouquet of flowers, and took proceedings under the statute to copyright the picture. They delivered at the office of the librarian of congress a description of the picture by the title " Nosegay," accompanied with a photographic copy, and within 10 days delivered another photographic copy. Thereupon, and on February 2, 1885, the librarian duly recorded the name of the picture. Upon the prints struck off and sold to dealers the words "Opera Bouquet," a name descriptive of a certain brand of cigars, was substituted in place of the word "Nosegay," and the notice inscribed upon the face of the print gave the date of the copyright as of the year 1884, instead of 1885. The infringement now complained of consists in the copying by the defendants of some of these prints.

The facts show an attempted evasion by the plaintiffs of the provisions of section 3 of the act of congress of June 18, 1874, "to amend the law relating to patents, trade-marks, and copyrights." That section declares in substance that no prints or labels designed to be used for any article of manufacture can be copyrighted, but authorizes them to be registered and protected as trade-marks in proper cases. If the experiment of the plaintiffs can succeed, this statute is inoperative whenever the prints or labels contain a pictorial illustration; and it could be wholly nullified by the device of printing pictures on the labels. The case of *Schumacher* v. *Schwencke*, 25 Fed. Rep. 466, is distinguishable from the present, because in that case the court found that the picture copyrighted was not made to be used for labels. It is doubtful whether the plaintiffs' action must not fail because they have not complied with the provisions of section 4962, Rev. St. U. S. That section requires as a prerequisite to maintaining the action that a notice be inscribed upon the face of a copyrighted painting or print which states the year of its entry for copyright. Here the wrong year was stated. Upon the authority of *Baker* v. *Taylor*, 2 Blatchf. 82, the insertion of the wrong year in the notice, although unintentional, and arising by a mistake, would seem to be fatal to the action. In *Myers* v. *Callaghan*, 5 Fed. Rep. 726, a more liberal view of the statute was taken. It is not necessary for present purposes to decide the point. The motion is denied.