GOLDEN RULE, Inc., v. B. V. D. CO.

(Circuit Court of Appeals, Eighth Circuit. May 4, 1917.)

No. 4661.

COPYRIGHTS ☞52—USE—RIGHT TO.

    Plaintiff, the manufacturer of underwear, copyrighted the print of a figure of a young man clad in a suit of underwear. Defendant purchased underwear from plaintiff, and without the plaintiff's permission used such print in advertising the underwear, omitting the notice of copyright. *Held*, that there was an infringement of copyright, which was designed for and used in detached advertising, defendant having no right, on the theory that the copyright constituted a trade-mark, to use the same in advertising plaintiff's goods, for such print was not a trade-mark worked into the goods.

    [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 50.]

Appeal from the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Suit by the B. V. D. Company against the Golden Rule, Incorporated. From a decree for plaintiff, defendant appeals. Affirmed.

C. D. O'Brien, of St. Paul, Minn., for appellant.

Amasa C. Paul, of Minneapolis Minn. (Hans v. Briesen, of New York City, on the brief), for appellee.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is a suit by the B. V. D. Company against the Golden Rule, Incorporated, for infringement of a copyrighted print of the figure of a young man clad in a suit of underwear. The plaintiff is a manufacturer in New York of a particular class of underwear, which it sells to the jobbing trade. The print was copyrighted by registration in the Patent Office (Act June 18, 1874, c. 301, § 3, 18

Stat. 78) and not with the Librarian of Congress or Commissioner of Copyrights, as required in the case of "pictorial illustrations or works connected with the fine arts." The plaintiff used it in advertising its manufactured goods. The defendant operates a retail department store in St. Paul, Minn. Having bought a quantity of the "B. V. D." underwear made by plaintiff, it reproduced plaintiff's print without its permission in advertising the goods for sale in the daily newspapers, and in doing so omitted the copyright notice from the reproduction. The case was submitted on the pleadings without proof. The trial court held that the validity of the copyright was not put in issue, but that if it were, and were to be decided upon the face of the pleadings and an inspection of the print, the copyright should be upheld. A decree was accordingly rendered for the plaintiff, and the defendant appealed.

We think the court was right in holding that the validity of the copyright was not in issue; and, as the plaintiff still continues before us its insistence upon that condition of the case, we will so confine our consideration of it. In other words, we will take the plaintiff's print as an admitted valid copyright. The defendant argues that the rules of trade-mark, as expressed in Coca Cola Co. v. Bennett (D. C.) 225 Fed. 429, are applicable, and that, as it restricted its use of the print to advertising the goods manufactured by plaintiff, the latter had no cause for complaint—was in fact benefited, not damaged. But, as above indicated, the print was registered in the Patent Office as a copyright, not as a trade-mark. So far as the pleadings show, it was designed for and used in detached advertising. We need not consider what the rights of the parties might have been, had the plaintiff used the print as a trade-mark by attaching or weaving reproductions of it into the garments it manufactured, put upon the market, and sold. That is not involved in the case, and we put it aside. The plaintiff had the right to advertise its goods in its own way, and in the use of its copyrighted print for that purpose it had the exclusive right. The defendant was at liberty to advertise the underwear it bought and owned by other prints and illustrations, but not to copy or reproduce a copyright of the plaintiff.

The decree is affirmed.