### 18794

MAURICE BROWN and Ann C. Rhyne Brown, Appellants-Respondents, v. SCHOOL DISTRICT OF GREENVILLE COUNTY, Appellant, City of Greenville, Respondent.

(161 S. E. (2d) 815)

*Jesse M. Ray, Esq.,* of Greenville, *for Appellants-Respondents,*

*Messrs. Riley & Riley,* of Greenville, *for Appellant, School District of Greenville County,*

*W. H. Arnold, Esq.* of Greenville *for Respondent, City of Greenville,*

May 28, 1968.

LITTLEJOHN, Justice.

The plaintiffs, Maurice Brown and Ann C. Rhyne Brown (hereinafter called the landowners) have sued both the School District of Greenville County (hereinafter called the school) and the City of Greenville (hereinafter called the city) asking actual damages for allegedly causing surface waters to be wrongfully concentrated onto their land.

The complaint alleges that the landowners built a house in 1965 on the west side of Stone Lake Drive in the City of Greenville, and that in the same year the school built a school building on the eastern side of the same drive, directly across the street from the landowners' property. It alleges that their yard and property have been damaged by reason of the wrongful act of the school in designing and constructing the school building and grounds so that the natural flow of rain water was directed in concentrated form into and across the drive and onto the landowners' property with great force and volume.

The complaint further alleges that the city "did fail after legally assuming the maintenance and care of Stone Lake Drive to provide a proper drainage system to carry the natural surface waters flowing into and across the said street, and * * * did * * * fail to substantially correct, rectify and prevent the conditions which were causing damage

to plaintiffs' property, after actual notice of such damage * * *."

It further alleges that the proximate result of the delicts of the defendants was that their property was flooded August 3, 1966 and September 13, 1966, and was washed out and damaged.

The complaint goes on to allege that "the defendants [plural] did cause to be constructed across the street from plaintiffs' home and on the property of the School District of Greenville County a catch basin; that since the installation of the catch basin, the flooding of plaintiffs property has subsided, except for minor flooding on July 1, 1967, wherein a small amount of water flooded plaintiffs' property, depositing a small amount of straw and sludge on said property." It is obviously the landowners' position that the problem has been mitigated, but not completely cured, and that the flooding (and ensuing damage) continues to some extent during heavy rainfalls. Actual damages are sought against both the school and the city.

Both the school and the city demur separately on the ground that the complaint fails to set forth sufficient facts to constitute a cause of action. By the terms of the demurrers each defendant contends that no basis of recovery is alleged against it, and each demurrer submits in effect that if any recovery is in order the same should be had against the other defendant.

The judge of the Greenville County Court sustained the demurrer of the city and held that the complaint did not state a cause of action against the city. The judge overruled the demurrer of the school and held that a cause of action was stated against the school.

The landowners appealed from that part of the order which dismissed the action against the city. The school appealed alleging error on the part of the trial judge (1) in sustaining the demurrer of the city, and (2) in refusing to sustain the demurrer of the school.

The school, by its demurrer, contends that it cannot be held liable because there is a statute (Section 59-224) which provides relief against the city in certain cases involving water damage. It reads as follows:

"§ 59-224. Drains for surface water.—Whenever, within the boundaries of any municipality, it shall be necessary or desirable to carry off the surface water from any street, alley or other public thoroughfare along such thoroughfare rather than over private lands adjacent to or adjoining such thoroughfare, such municipality shall, upon demand from the owner of such private lands, provide sufficient drainage for such water through open or covered drains, except when the formation of the street renders it impracticable, along or under such streets, alleys or other thoroughfare in such manner as to prevent the passage of such water over such private lands or property. But if such drains cannot be had along or under such streets, alleys or other thoroughfare, the municipal authorities may obtain, under proper proceedings for condemnation on payment of damages to the landowner, a right of way through the lands of such landowner for the necessary drains for such drainage. If any municipal corporation in this State shall fail or refuse to carry out the provisions of this section, any person injured thereby may have and maintain an action against such municipality for the actual damages sustained by such person."

The lower court correctly overruled the demurrer interposed by the school. In *Lindsey v. City of Greenville,* 247 S. C. 232, 146 S. E. (2d) 863, we held:

"When a public agency acting under authority of statute uses land which it has lawfully acquired for public purposes in such a way that neighboring real estate, belonging to a private owner, is actually invaded by superinduced additions of water, earth, sand or other material so as effectually to destroy or impair its usefulness, there is a taking within the meaning of the constitution."

The complaint, including the allegations set forth above, clearly brings plaintiffs within the rule as this court has declared it.

By its demurrer the city takes the position that whatever damages were suffered by the plaintiffs were not caused by any acts on the part of the municipality. The only act alleged against the city is that it, along with the school, constructed a catch basin. The complaint in effect concedes that the problem has been lessened thereby. This court held in *Hill v. City of Greenville,* 223 S. C. 392, 76 S. E. (2d) 294: "The statute plainly contemplates positive action by a municipality to render it liable for damages under the terms of it." There is no overt act alleged against the city proximately causing any damages complained of, and we therefore hold that no cause of action is stated under the statute.

We are also of the opinion that no cause of action against the city is stated under Article I, Section 17 of the constitution. The normal way for a governmental agency to take private property for public use is by way of condemnation. When and if a public agency takes private property for public use without condemnation and without paying compensation a common law action may be instituted. See *Chick Springs Water Company v. State Highway Department,* 159 S. C. 481, 157 S. E. 842. In such case there would normally have to be some positive, aggressive, overt act on the part of the agency which brings about the taking. In other words, it is difficult, if not impossible, to take anything from someone negatively or by failing to act. In this complaint we are unable to find any such allegations which would serve as a basis for imposing liability against the city. We conclude that the lower court correctly sustained the demurrer of the city.

The landowners contend by proper exception that the lower court erred in failing to permit them to plead over as contemplated by Title 10, Section 644. Permission to plead over was neither granted nor refused in the order here on appeal. This Code section should be

construed liberally in favor of allowing an erring pleader to redraw the complaint if new facts can be alleged sufficient to state a cause of action. Plaintiffs are therefore permitted to move for such permission in the lower court.

The lower court is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.