0400

Jimmy TALEFF, Appellant, v. The CITY OF GREER, Respondent.
(327 S. E. (2d) 363)

Court of Appeals

*Adam Fisher, Jr.,* Greenville, *for appellant.*

*Jefferson V. Smith, Jr.,* Greenville, *for respondent.*

Heard Dec. 10, 1984.

Decided Feb. 25, 1985.

BELL, Judge:

Jimmy Taleff sued the City of Greer pursuant to Section 5-31-450, Code of Laws of South Carolina, 1976, for alleged water damage to his property. The circuit court granted the City's motion for summary judgment. Taleff appeals. We affirm.

The original complaint was filed in May 1981. It alleged the City had been carrying surface water through a piping system on to Taleff's land to his damage, but it did not state the cause of action with specificity. The City moved for an order to make more definite and certain, which the court granted. The court held that the action was pursuant to Code Section 5-31-450, which requires an overt act or positive action of some type on the part of the City. Accordingly, the court ordered Taleff to amend his complaint "so as to specify the act or acts which he alleges to give rise to his cause of action pursuant to Section 5-31-450 of the South Carolina Code, together with the date or dates of such act or acts."

Taleff filed an amended complaint which was virtually identical to the original complaint except for the additional allegation "that the damage is continuous, occurring daily, that the cause of action was complete when demand was made by the Plaintiff almost six years ago, for Defendant to cease water damage." The City answered, raising numerous defenses, including a general denial, the statute of limitations, and the failure of the amended complaint to state a cause of action because no affirmative act by the City was alleged.

On September 14, 1981, the City served Requests for Admission which called upon Taleff to admit, *inter alia,* that he had no evidence the City had installed the pipes in question. Taleff did not respond within thirty days as required by Circuit Court Rule 89.

On June 4, 1982, the City filed a motion for summary judgment on several grounds, among them that there was no evidence to show the City installed the drainage pipes in question. On June 20, 1982, Taleff served his response to the Requests for Admission admitting he had no knowledge of the date the pipes were installed, but stating it was prior to the time he was owner of the property. Taleff also filed an affidavit in which he alleged he had made demand "for the [C]ity of Greer to correct the problem of water being caste [sic] upon his land and that the demand was made in the last six years." Taleff filed no other response to the motion for summary judgment.

Section 5-31-450 contemplates positive action by a municipality to render it liable for damages under the statute. *Hill v. City of Greenville*, 223 S. C. 392, 76 S. E. (2d) 294 (1953). The statute does not make the municipality an insurer of the landowner against damage from surface water; it is only for such damage as results from the municipality's works that he may recover. *Hall v. City of Greenville*, 227 S. C. 375, 88 S. E. (2d) 246 (1955). Therefore, unless the landowner pleads and proves an overt act against the municipality proximately causing the damages complained of, there is no cause of action under the statute. *Brown v. School District of Greenville County*, 251 S. C. 220, 161 S. E. (2d) 815 (1968).

A careful review of Taleff's amended complaint, his responses to the Requests for Admission, and his affidavit discloses that he neither alleged nor presented any evidence of an overt act by the City of Greer causing damage to his property. Giving Taleff the benefit of the evidence and all reasonable inferences to be drawn therefrom, the record shows only that the City failed to accommodate Taleff by remedying a preexisting problem with surface water. This is not sufficient to establish a claim under the statute. As there was no genuine issue of fact regarding an overt act by the City, the circuit court properly granted the motion for summary judgment.

Affirmed.

SANDERS, C. J., and SHAW, J., concur.