Brian R. WOLFF and Brian R. Wolff
Photography, Inc., Plaintiffs,

v.

The INSTITUTE OF ELECTRICAL AND
ELECTRONICS ENGINEERS, INC.,
Defendants.

No. 89 Civ. 6253 (CSH).

United States District Court,
S.D. New York.

June 20, 1991.

Russo & Burke (Joel L. Hecker, of counsel), New York City, for plaintiffs.

Dorsey & Whitney (James R. Kahn, of counsel), New York City, for defendants.

MEMORANDUM OPINION
AND ORDER

HAIGHT, District Judge:

In this action for copyright infringement with common law claims appended, defendant moves under Rule 12(b)(6) to dismiss the complaint, or in the alternative for partial summary judgment under Rule 56 limiting the amount of plaintiffs' damages.

Plaintiffs cross-move for summary judgment on the issue of liability.

### Background

Plaintiff Brian R. Wolff is a professional photographer and the sole owner of co-plaintiff Brian R. Wolff Photography, Inc., a New York corporation which acts as Wolff's licensing agent.

Defendant Institute of Electrical and Electronics Engineers, Inc. ("IEEE") is a professional engineering society organized under the not-for-profit corporation laws of New York. IEEE publishes a monthly magazine called *IEEE Spectrum* (hereinafter *"Spectrum"*) that addresses issues of concern to the scientific and engineering community.

*Spectrum* obtained a number of photographs from plaintiffs for use in connection with the November 1988 issue of the magazine. One of those photographs showed several military Apache Helicopters in flight. IEEE incorporated that photograph into the cover of the November 1988 issue of *Spectrum,* superimposing upon the photograph the phrase "The Price for Might." The November 1988 issue of *Spectrum* was a "special issue," addressing the question (also printed on the cover): "How are the complex military systems procured, and can it be done better?"

Subsequent to publication of the magazine but prior to the commencement of this action, Wolff filed the photograph with the United States Copyright Office. *"IEEE Spectrum"* is a registered trademark owned by IEEE.

IEEE paid plaintiffs $1,300 for the use of plaintiffs' Apache Helicopter photograph that was incorporated into the cover of the November, 1988 issue of *Spectrum.* That payment, and the conditions of defendant's use of the photograph, are set forth in a "Stock Photo Invoice" which appears as Exhibit A to the affidavit of Fran Zappulla in support of defendant's motion. Under the "Rights Granted," the invoice states:

ONE TIME NON EXCLUSIVE ENGLISH LANGUAGE RIGHTS FOR USE IN THE NOVEMBER 1988 SPECIAL ISSUE OF IEEE SPECTRUM MAGAZINE.

The invoice also provides, in respect of "Placement": "inside & cover." As to "Time Limit on Use," the invoice provides: "Expired FROM THE DATE OF THIS INVOICE." The invoice is dated November 11, 1988. The invoice further specifies "COPYRIGHT TO READ: '(C) BRIAN R. WOLFF.'" Terms and conditions appearing on the reverse side of the invoice included ¶ E, which provided in part: "Client will provide copyright protection by placing proper copyright notice on any use." The November 1988 issue of *Spectrum,* at page 5, described the cover photograph and then stated: "Photo: copyright 1988 by Brian R. Wolff."

The November 1988 issue of *Spectrum* was favorably received and subsequently earned a finalist nomination for a National Magazine Award (popularly known as the "Ellie.") The Ellies were established by the American Society of Magazine Editors in 1966, and are currently administered by the Graduate School of Journalism of Columbia University, which also administers the Pulitzer prizes for newspaper journalism. IEEE says in its motion papers, and I have no reason to doubt, that the Ellies are often referred to as the "Pulitizers of the magazine field."

Gratified by this nomination (although apparently *Spectrum* did not win an Ellie), IEEE placed advertisements in May 1989 in the advertising trade magazines *Ad Week* and *Ad Age.* IEEE's full-page advertisement reproduced, in the lower left-hand corner, a photograph of the cover of the November 1988 issue of *Spectrum,* which had the necessary effect of reproducing plaintiffs' Apache Helicopter photograph which comprised that cover. It is common ground that IEEE did not obtain plaintiffs' consent or authority prior to making that use of the photograph. Hence this lawsuit.

Plaintiffs' complaint alleges copyright infringement in Count I, breach of contract in Count II, and claims for quantum meruit and unjust enrichment in Counts III and IV respectively.

IEEE moves for summary judgment dismissing plaintiffs' copyright claim on the grounds that its reproduction of the November 1988 cover of *Spectrum* was a proper use of IEEE's own copyrighted material, or, in the alternative, that such reproduction constituted fair use of plaintiffs' copyrighted photograph; dismissing the breach of contract claim on the ground the claim is preempted by the Copyright Act; and dismissing plaintiffs' damages claims (Counts III and IV) on the ground that they are limited by a liquidated damages provision in plaintiffs' stock photo invoice. That provision, which appears on the reverse side of the invoice at ¶ H, is captioned "Loss or Damages," and reads as follows:

> The parties acknowledge that it is difficult if not impossible to determine the exact value of each photograph subject to this agreement because of the duration of copyright protection and its present and potential value. Therefore, the parties have agreed that the reasonable value for such photograph is the amount indicated on the front of this agreement, which is also agreed to be the amount of anticipated harm Photographer will suffer in the event of such loss or damage. Client [IEEE] further acknowledges that its acceptance of this liquidated damage amount is a material consideration for photographer's delivery to client of the photographs subject to this agreement.

IEEE relies upon this provision to limit plaintiffs' claims for quantum meruit and unjust enrichment to $1,300, the fee for the Apache Helicopter photograph recited on the front of the invoice.

Plaintiff's cross-move for summary judgment on the issue of liability.

### Discussion

■ There is no substance to IEEE's argument that the cover of the November 1988 issue of *Spectrum* should be regarded as a "derivative work constitut[ing] an entirely new copyrighted product that is separate and distinct from the pre-existing works on which it is based." IEEE Main Brief at 7. Among other earlier cases, IEEE relied upon *Rohauer v. Killiam Shows, Inc.*, 551 F.2d 484 (2d Cir.), *cert. denied* 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977). However, in *Stewart v. Abend*, 495 U.S. 207, 110 S.Ct. 1750, 1760–62, 109 L.Ed.2d 184 (1990), the Supreme Court expressly overruled *Rohauer* in holding: "The aspects of a derivative work added by the derivative author are that author's property, but the element drawn from the pre-existing work remains on grant from the owner of the pre-existing work."[1] In the case at bar, IEEE had no grant from Wolf as owner of the pre-existing work, since the invoice expressly limited IEEE's license to use the photograph to the November 1988 issue of *Spectrum*. In any event, *Stewart* is fatal to IEEE's first line of copyright defense.

■ I reject IEEE's alternative defense, based upon the fair use doctrine, for the reasons stated in this Court's opinion in *Strauss v. The Hearst Corp.*, 8 USPQ2d 1832, 1833–36, 1988 WL 18932 (S.D.N.Y.1988), and cases there cited. I said in *Strauss* that "the fair use doctrine will not apply absent a significant public interest justifying limits on the copyright holder's rights," *id.* at 1835, *citing Dallas Cowboy's Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 206 (2d Cir. 1979). I find wholly unpersuasive IEEE's argument that its advertisement "served the important public interest of publicizing a hard-won nomination for a prestigious journalistic award." Main Brief at 12. The IEEE ad was unblushingly self-congratulatory,[2] and appeared in publications such

---

1. The Supreme Court decided *Stewart* after the motions at bar had been briefed. Counsel for IEEE called this Court's attention in a letter to this more recent authority, adverse to their client's interests. I commend counsel for their faithfulness to the canons of professional responsibility.

2. The *Spectrum* advertisement referred to the November 1988 Ellie nomination as one of a series of Ellie nominations achieved by the magazine. The advertising copy began with a sentence: "Once again, we're trumpeting the news." Such an achievement, the ad continues, "is simply expected by the more than half million

as *Ad Week* and *Ad Age* for the purpose of targeting potential readers and advertisers. Plaintiffs correctly observe in their brief at 11 that IEEE's motivation in running the advertisements "was not to inform, but to promote."

Accordingly IEEE's use of plaintiffs' copyrighted photograph was that sort of unauthorized "commercial use of copyrighted material [which] is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright." *Sony Corp. of America v. Universal Studios, Inc.*, 464 U.S. 417, 451, 104 S.Ct. 774, 793, 78 L.Ed.2d 574 (1984); *see also Stewart v. Abend, supra*, 110 S.Ct. at 1768–69. Nor is IEEE's unauthorized use of the photograph wholly without effect "upon the potential market for or value of the copyrighted work," that being the most important of the fair use factors delineated in 17 U.S.C. § 107. Wolff's affidavit, which in the exercise of my discretion I consider despite IEEE's contention that I should not, demonstrates the existence of a photography industry practice limiting usage rights to licensed photographs, with a consequent diminution of market value if unauthorized usage is permitted to go unfettered. To quote *Stewart*, 110 S.Ct. at 1769: "Common sense would yield the same conclusion."

Accordingly IEEE's motion for summary judgment dismissing plaintiffs' copyright claim is denied. Plaintiffs are entitled to summary judgment on the issue of liability.

█ As to plaintiff's state law claim for breach of contract, I agree with IEEE that the claim is preempted by § 301(a) of the Copyright Act, which preempts state causes of action "that are equivalent to any of the exclusive rights within the general scope of copyright...." 17 U.S.C.

§ 301(a). While in *Strauss* I said that the defendant in that case was correct "in implying that state claims for breach of contract are not preempted by the copyright act," *id.* at 1840, the decision did not turn on that point. Congress having changed an earlier version of the statue specifically providing a "safe harbor" for breach of contract claims so as to delete it, IEEE places justified reliance upon *Russello v. United States*, 464 U.S. 16, 23–24, 104 S.Ct. 296, 300–01, 78 L.Ed.2d 17 (1983) ("Where Congress includes limiting language in an earlier version of a bill, but deletes it prior to enactment, it may be presumed that the limitation was not intended.")

█ State causes of action are "equivalent" to the exclusive rights within copyright law, and accordingly preempted by that statute, unless they are "qualitatively different" from the rights granted under the Copyright Act. *Strauss* at 1840 and cases cited; *Harper & Row Publishers, Inc. v. Nation Enterprises*, 501 F.Supp. 848, 852 (S.D.N.Y.1980), *aff'd*, 723 F.2d 195 (2d Cir.1983), *rev'd on other grounds*, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). In the case at bar, IEEE breached its contract with plaintiffs, embodied in the stock photo invoice, by infringing plaintiffs' copyright. It is difficult to see how the resulting claims are qualitatively different. Accordingly the breach of contract claim is preempted.

█ IEEE moves for summary judgment on Counts III and IV (quantum meruit and unjust enrichment) on the ground that the liquidated damages clause in the contract bars those claims. There is no substance to that argument. The provision in question clearly refers only to damages resulting from "loss or damage" to the photograph. That provision cannot be stretched to include damages occasioned by copyright

professionals who depend on SPECTRUM to go beyond a surface coverage of the world of technology issues." The magazine expresses its pride in its most recent honor, adding that it is also proud "to reaffirm our commitment to our readers and to our advertisers." The ad, in short, is an effort to curry continued favor with those readers and advertisers; a legitimate activity, but one that cannot reasonably be regarded as the rendition of a public service. Cases

such as *Triangle Publications, Inc. v. Knight–Ridder Newspapers, Inc.*, 626 F.2d 1171 (5th Cir. 1980), and *Consumer's Union of United States, Inc. v. General Signal Corp.*, 724 F.2d 1044 (2d Cir.1983), *reh'g denied*, 730 F.2d 47, *cert. denied*, 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984), distinguished by this Court in *Strauss* at 1835–36, are equally distinguishable from the case at bar.

infringement, particularly where entirely separate provisions of the contract placed time limitations on IEEE's authorized use of the photograph, and obligated IEEE to provide copyright protection to plaintiffs.[3]

For the foregoing reasons, defendant's motions to dismiss the complaint or, in the alternative for partial summary judgment limiting plaintiffs' damages, are denied.

Plaintiffs' cross-motion for summary judgment on the issues of liability is granted.

Counsel for plaintiffs are directed to settle a judgment consistent with the Opinion on seven (7) days' notice within twenty (20) days of the date of this Opinion.

The parties are directed to use their best efforts to settle the amount of the recovery to which plaintiffs are entitled.

Failing resolution of the case before that time, counsel for the parties are directed to attend a status conference in Room 307 on September 13, 1991 at 2:00 p.m.

It is SO ORDERED.

---

**3.** Defendant does not contend that plaintiffs' quantum meruit and unjust enrichment claims are preempted by the Copyright Act. *But see* Strauss, supra *at 1840 (state claim for unjust enrichment preempted by the statute).*