**JOY MUSIC, INC., Hawthorne Music Corporation, Edward B. Marks Music Corporation, Edwin H. Morris & Company, Inc., Crestview Music Corp., Mayfair Music Corp., Paramount Music Corporation, Famous Music Corporation and Shapiro, Bernstein & Co., Inc., Plaintiffs,**

v.

**SEECO RECORDS, Inc., Defendant.**

United States District Court
S. D. New York.

Oct. 21, 1958.

Abeles & Bernstein, New York City, for plaintiffs.

Cohen & Sandomire, New York City, for defendant.

WEINFELD, District Judge.

Parties remain free to substitute private licensing agreements for the protections afforded them by section 1(e) of the Copyright Act, 17 U.S.C.A. § 1(e).[1] Whether they have indeed done so is the question presented here. The parties have departed from the exact terms of the statute by varying the accounting period, lowering the royalties for several songs and dispensing with notice requirements. These mutually convenient variations, however, are not sufficient to support the contention that theirs was a private licensing agreement enforceable in state courts only. The letters relied upon by the defendant seem to indicate rather that the parties intended their relationship to be governed by the compulsory license provisions of section 1(e).[2] Absent a clear showing to the contrary, it will not be presumed that this departure from the exact terms of the statute was intended as a waiver of its protection.

Accordingly, the defendant's motion to dismiss is denied and the plaintiffs' motion to strike is granted. Settle order on notice.

1. Edward B. Marks Music Corp. v. Foullon, 2 Cir., 1949, 171 F.2d 905.

2. This Court reached a similar result with letters identical in form in Leo Feist, Inc., v. Derby Records, Inc., D.C.S.D. N.Y., Civ. No. 95–227, April 22, 1955. See also Leo Feist, Inc., v. American Music Roll Co., 3 Cir., 1918, 251 F. 245.