0854

Horace B. BURNSED, Jr., Respondent v. Reuben Frank GREENE
and Ralph Phillips, Jr., Appellants.

(351 S. E. (2d) 910)

Court of Appeals

*Richard H. Rhodes* and *Danny Allen,* Spartanburg, *for appellants.*

*J. Edwin McDonnell,* Spartanburg, *for respondent.*

Heard Nov. 10, 1986.

Decided Dec. 29, 1986.

BELL, Judge:

Horace B. Burnsed, Jr., brought separate suits on two promissory notes signed respectively by Reuben Frank Greene and Ralph Phillips, Jr. Phillips and Greene answered the complaints alleging the defense of failure of consideration. Each also counterclaimed against "Memorial Products, Inc., and Horace B. Burnsed, Jr., as sole stockholder"

for fraud and, in a separate count, against Burnsed individually for breach of fiduciary duty. After filing their answers and counterclaims, Phillips and Greene each moved to add as defendants Memorial Products, Inc., and Horace B. Burnsed as sole stockholder "because they are necessary parties for the causes of action being raised in the Cross-Complaint [sic]." Burnsed demurred to the counterclaims. The circuit court sustained the demurrers on the ground of improper joinder of causes of action and on the further ground that assertion of the counterclaims would require the addition of parties, which "defeats the requirement that the counterclaim be a reciprocal demand existing between the same persons at the same time." For the same reason, the court also denied the motions to add parties. Phillips and Greene appeal. We reverse and remand.

The dispositive issue on appeal is whether the circuit court erred in failing to apply the South Carolina Rules of Civil Procedure to this action.

The claims and defenses asserted by Burnsed, Phillips, and Greene all arise out of the same underlying business transaction. Burnsed, a businessman engaged in the production and sale of cemetery markers, became familiar with a process for reconstituting granite by mixing ground granite with other materials to form a composite material which gives the appearance of solid granite when polished. Wishing to engage in the production and sale of reconstituted granite products, Burnsed approached Phillips and Greene with a business proposition: if Phillips and Greene would execute personal notes in conjunction with the closing of a Small Business Administration loan, Burnsed would give them each a one third interest in a corporation, Memorial Products, Inc., to be formed for carrying on his reconstituted granite business. The loan was to be repaid from the revenues of Memorial Products, Inc. The notes were to guarantee the loan in the event Burnsed was called on personally to repay it.

The various allegations of the pleadings all relate to the underlying transaction involving Memorial Products, Inc., its incorporation, financing, and the conduct of its business. Under Rules 8, 13, 14, and 18, S.C.R. Civ. P., the parties are permitted to join as independent or

alternate claims as many claims as they have against the opposing party in a single lawsuit. As we have previously noted, the new rules abolish older restrictions on joinder of causes of action. *See Harper v. Ethridge*, 290 S. C. 112, 348 S. E. (2d) 374 (Ct. App. 1986). Thus, under the new rules each of the parties, Burnsed, Phillips, and Greene, is entitled to raise as many claims, independent or alternate, legal or equitable, as he has against the others arising out of the business arrangement which gave rise to the execution of the notes by Phillips and Greene. Had the circuit judge applied the new rules, he would have allowed the pleading of all these matters and would have added Memorial Products, Inc., as a party in accordance with Rule 13(h). This would have permitted the litigation of all claims and defenses arising from the promotion of the corporation in one lawsuit.

2   Rule 86, S.C.R. Civ. P., provides:

> (a) These rules shall take effect on July 1, 1985. They govern all proceedings in civil actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies.

In this case, although the pleadings, the motions to add parties, and the demurrers were filed prior to July 1, 1985, written arguments were submitted and the court ruled after that date. Under the provisions of Rule 86, the new rules governed the disposition of matters pending in this case after July 1, 1985.

At oral argument counsel conceded they and the court were aware of the new rules and their effective date when the matter was heard by the court. The circuit court made no finding that it would not be feasible or would work an injustice to apply the new rules to the issues before it. Counsel have suggested to us no reason why the new rules should not govern. After reviewing the pleadings and the record, we likewise can discover no reason the new rules should not be applied.

Accordingly, we reverse the order of the circuit court and remand with the direction that the South Carolina Rules of Civil Procedure shall govern all further proceedings in this case.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.