1142

Russell B. MAXEY, Respondent v. R. L. BRYAN CO., INC., Appellant.
(368 S. E. (2d) 466)

Court of Appeals

*Robert W. Dibble, Jr.,* of *McNair Law Firm,* Columbia, *for appellant.*

*John E. Cheatham,* Lexington, *for respondent.*

Submitted March 16, 1987.

Decided April 25, 1988.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court denying the motion of appellant R. L. Bryan Co., Inc. to dismiss the suit of respondent Russell B. Maxey for lack of subject matter jurisdiction. We reverse and remand.

Mr. Maxey alleges the parties entered into a contract which "provided that the R. L. Bryan Company would secure copyrights to the book, *Historic Columbia,* in the name of Russell B. Maxey." He further alleges R. L. Bryan "failed to obtain a copyright for said publication, even though it indicated it had done such or intended to do such by publishing a notice of the copyright in the front of the book." Mr. Maxey claims the failure of R. L. Bryan to register the copyright resulted in his not being able to recover certain damages and attorney fees in a prior federal action for copyright infringement. He seeks to recover damages from R. L. Bryan based on these allegations. In other words, Mr. Maxey seeks to recover damages from R. L. Bryan based on what he would have recovered from the defendants in the prior action had

R. L. Bryan not breached the contract.[1]

"The [federal] courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." 28 U. S. C. § 1338(a) (1982). The single issue presented on appeal is whether the action brought by Mr. Maxey arises under the Federal Copyright Act so as to deprive the Circuit Court of jurisdiction.[2]

The leading case addressing this issue is *T. B. Harms Co. v. Eliscu*, 339 F. (2d) 823 (2d Cir. 1964), *cert. denied*, 381 U. S. 915, 85 S. Ct. 1534, 14 L. Ed. (2d) 435 (1965). There, the Court formulated a rather convoluted rule for determining whether an action arises under the Copyright Act:

> Mindful of the hazards of formulation in this treacherous area, we think that an action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction, 17 U. S. C. § 101, cf. *Joy Music, Inc. v. Seeco Records, Inc.*, 166 F. Supp. 549 (S. D. N. Y. 1958), or asserts a claim requiring construction of the Act, as in *De Sylva* [*v. Ballentine*, 351 U. S. 570, 76 S. Ct. 974, 100 L. Ed. 1415 (1956)], or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.

---

[1] The facts contained in this paragraph are taken from the allegations of the complaint and the characterization of those allegations contained in the statement of the case. *See Peake v. Peake*, 284 S. C. 591, 593, 327 S. E. (2d) 375, 376 (Ct. App. 1985) ("The parties are bound by the stipulations contained in their agreed statement of the case.").

[2] The Federal Copyright Act is codified as 17 U. S. C. §§ 101-914 (1982, as amended). Mr. Maxey asserts two additional sustaining grounds, but neither is argued in his brief. *See May v. Hopkinson*, 289 S. C. 549, 347 S. E. (2d) 508 (Ct. App. 1986) (the failure to argue an additional sustaining ground is deemed an abandonment of the ground). In any event, both are without merit.

*Id.* at 828.[3]

Generally speaking, courts have decided whether a case arises under the Copyright Act by focusing on the nature of the principal claim asserted by the plaintiff. *Effects Associates, Inc. v. Cohen*, 817 F. (2d) 72 (9th Cir. 1987).

> If that claim involves copyright infringement or other matter directly related to the interpretation and enforcement of the Copyright Act, jurisdiction has been upheld. On the other hand, where it has been determined that the claim is essentially for some common law or state-created right, most generally for a naked declaration of ownership or contractual rights, jurisdiction has been declined, even though the claim might incidentally involve a copyright or the Copyright Act.

*Topolos v. Caldeway*, 698 F. (2d) 991, 993 (9th Cir. 1983) (quoting *Royalty Control Corp. v. Sanco, Inc.*, 175 U. S. P. Q. 641, 642 (N. D. Cal. 1972)).

Various courts have characterized the direction of their inquiries, variously.[4] *E.g., Goodman v. Lee*, 815 F. (2d) 1030, 1032 (5th Cir. 1987) (quoting *Lieberman v. Estate of Chayefsky*, 535 F. Supp. 90, 91 (S. D. N. Y. 1982): federal jurisdiction exists where "[r]esolution of the central issue in this case depends upon the application of [the] statutory definition [of 17 U. S. C. § 101]"); *Wooster v. Crane & Co.*, 147 F. 515, 516 (8th Cir. 1906) (federal jurisdiction exists where the enforcement of a right secured by copyright laws is its "primary and controlling purpose"); *Franklin v. Cannon Films, Inc.*, 654 F. Supp. 133, 134 (C. D. Cal. 1987) (quoting *Topolos*, 698 F. (2d) at 993: federal jurisdiction exists where "the 'gist,' 'essence' or 'principal issue' must be the copy-

---

[3] In an earlier case, the United States Supreme Court held that "[a] suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bower Co.*, 241 U. S. 257, 260, 36 S. Ct. 585, 586, 60 L. Ed. 987, 989 (1916) (Holmes, J.). But even the most ardent proponent of this test has admitted that it has been rejected as an exclusionary principle. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U. S. 1, 103 S. Ct. 2841, 77 L. Ed. (2d) 420 (1983) (Brennan, J., citing *T. B. Harms Co. v. Eliscu*, 339 F. (2d) 823 (2d Cir. 1964)).

[4] The Circuit Court judge doubtless had to decide this difficult issue without having had the time to become familiar with the veritable plethora of authority which we have had the opportunity to consult.

right determination"); *Berger v. Simon & Schuster*, 631 F. Supp. 915, 919 (S. D. N. Y. 1986) (jurisdiction depends on the nature of the suit "at heart"); *Felix Cinematografica S.r.1. v. Penthouse International Ltd.*, 99 F. R. D. 167, 174 (S. D. N. Y. 1983) (jurisdiction depends on "the substance of the claim"); *Peay v. Morton*, 571 F. Supp. 108, 114, 115 (M. D. Tenn. 1983) (criteria applied in determining jurisdiction described as including "[the] paramount purpose of the complaint" and "the principal purpose of [the complaint]"); *Rotardier v. Entertainment Co. Music Group*, 518 F. Supp. 919, 921 (S. D. N. Y. 1981) (jurisdiction depends on whether federal copyright laws determine "[t]he principal issue" or "[t]he controlling issue"): *Stepdesign Inc. v. Research Media, Inc.*, 442 F. Supp. 32, 34 (S. D. N. Y. 1977) (criteria applied in determining jurisdiction described as including "the fundamental controversy," "the main purpose of plaintiff's suit" and "[the] essential claim"); and *Elan Associates, Ltd. v. Quackenbush Music, Ltd.*, 339 F. Supp. 461, 462 (S. D. N. Y. 1972) (jurisdiction depends on what is "the principal and controlling issue").

Synthesizing the various cases as best we are able, it would appear that the question boils down to whether the aspect of the case which involves the Copyright Act is "a big deal."[5] If it is, we are obliged to "make a federal case out of it."[6]

Under any of the cases cited or their ilk, the instant case is one which arises under the Copyright Act. The parties stipulate that Mr. Maxey must prove three things in order to prevail: "(1) that [R. L. Bryan] breached the contract because it did not register the book's copyright; (2) that the

---

[5] *See Dictionary of American Slang* 34 (2d Supp. ed. 1975) ("big deal 1 Anything important, exciting, satisfying, interesting, lavish, or highly publicized, be it a business deal or a social or athletic function. 1949: 'My brother pulled off a big deal today. I think we're going into business together.' A. Miller, *Death of a Salesman*, 99f. 1955: 'She tried to make everything sound like a big deal.' E. Trujillo, *I Love You, I Hate You*, 40.").

[6] This expression is often used in the pejorative sense. *See A Dictionary of Slang and Unconventional English, Colloquialisms and Catchphrases, Solecisms and Catachreses, Nicknames and Vulgarisms* 383 (8th ed. 1984) ("Federal case, esp. in 'Don't make a Federal case out of it!'—Don't exaggerate the urgency or desperateness—or, the importance—of the matter: a c.p., adopted ca. 1952, ex US, where prob. legal s. at first."). Of course, we use the expression literally here.

defendants in the federal action infringed his copyrights in [a particular] photograph; and (3) the amount of statutory damages and attorneys' fees he would have recovered in the federal court had the copyright been registered."[7] Proof of the second and third of these essential elements obviously requires construction of the Copyright Act. Copyright infringement and the remedies therefor are governed by Sections 501-510 of the Act.[8] Statutory damages for the infringement of a copyright are calculated pursuant to Section 504(c). Attorney fees are awarded pursuant to Section 505.

Proof of the first element also requires construction of the Copyright Act, albeit less obviously so. The contract between the parties, which is made a part of the complaint, does not expressly require R. L. Bryan to register the copyright. Rather, the contract requires R. L. Bryan to "use its best efforts to secure copyrights to the book in the name of [Mr. Maxey]." Registration of copyrights and the protection afforded thereby are governed by Sections 408-412 of the Act. Section 408(a) provides that: "Subject to the provisions of Section 405(a), such registration is not a condition of copyright protection." It appears, therefore, that construction of the Act is required to determine whether R. L. Bryan breached the contract with Mr. Maxey by not registering the copyright.

The fact that principles of contract law are also involved is not controlling. At least three relatively recent cases, in addition to *Topolos* and *Effects,* make this abundantly clear: *Vestron, Inc. v. Home Box Office, Inc.,* 839 F. (2d) 1380 (9th Cir. 1988); *Christopher v. Cavallo,* 662 F. (2d) 1082 (4th Cir. 1981); and *Schrut v. News America Publishing, Inc.,* 123 Misc. (2d) 845, 474 N. Y. S. (2d) 903 (N. Y. City Civ. Ct. 1984).

---

[7] This stipulation is contained in the statement of the case. *See supra* note 1.

[8] Federal jurisdiction has been determined to exist based solely on the fact that the complaint is for a remedy expressly granted by the Copyright Act. *See Vestron, Inc. v. Home Box Office, Inc.,* 839 F. (2d) 1380 (9th Cir. 1988) (applying the first part of the rule formulated in *T. B. Harms*). Mr. Maxey obviously seeks a remedy under the Act, although he has not proceeded against a party envisioned by the Act as a defendant.

*Effects* addressed the mirror image of the issue presented in the instant case, *i.e.*, whether an action arose under the Copyright Act so as to give the federal courts jurisdiction. The owner of a copyright sued in the Federal District Court for fraud as well as copyright infringement. As a basis for the fraud claim, the complaint alleged an oral promise concerning the use of the copyrighted works.

The District Court dismissed the suit on the ground that the claims of the owner "did not 'arise under' federal law because the principal and threshold issue to be resolved was a question of state contract law." *Effects*, 817 F. (2d) at 73. Quoting *Topolos*, the Court of Appeals reversed, holding that "the district court was not divested of jurisdiction simply 'because it was first required to resolve a threshold question of copyright ownership which in turn called for interpretation of a contract.' [*Topolos*, 698 F. (2d)] at 994." *Id.* at 74.

The Court also noted: "In any case, liability under a copyright claim amounts to more than unauthorized use of the copyrighted work. A variety of legal and equitable defenses may bear on the issue." *Id.* at 74 n. 2.[9]

*Vestron* and *Christopher* also addressed the issue presented in the instant case from the perspective of the federal courts.

The plaintiff in *Vestron* entered into contracts with the Hemdale Film Corporation by the terms of which Hemdale sold the plaintiff videocassette rights to the currently popular films, *Hoosiers* and *Platoon*. After the popularity of the films became evident, Hemdale and the plaintiff had a dispute regarding the validity of their contracts, and Hemdale sold the videocassette rights to Home Box Office, Inc. The plaintiff responded by bringing an action in the Federal District Court seeking remedies expressly granted by the Copyright Act. Ownership of the videocassette rights was the only contested issue in the case.

---

[9] The fact that this part of the opinion appears in a footnote is of no consequence. *See Gray v. Union Joint Stock Land Bank*, 105 F. (2d) 275 (6th Cir. 1939), *rev'd on other grounds*, 308 U. S. 523, 60 S. Ct. 291, 84 L. Ed. 443 (1939) (a footnote is as much a part of an opinion as the body of the opinion). *But see Henderson v. Morgan*, 426 U. S. 637, 96 S. Ct. 2253, 49 L. Ed. (2d) 108 (1976) (White, J., concurring) (dicta in a footnote do not establish new rules of constitutional law). The careful reader will note, however, that these principles are themselves stated in a footnote.

The District Court dismissed the action for lack of subject matter jurisdiction. The Court of Appeals reversed. In reaching this result, the Court first held: "The fact that Vestron claims ownership of the copyrights through a contested contract governed by state law is not fatal to federal jurisdiction." *Vestron*, 839 F. (2d) at 1382. The Court then concluded by holding: "[The] complaint seeks a remedy expressly granted by federal copyright law, and therefore the district court has subject matter jurisdiction over the action." *Id.* at 1382.

The plaintiff in *Christopher* entered into a contract with a playwright to produce a play which the playwright claimed to have created. The play was entitled *Peter Pan—The Magic Musical.* It closely resembled the classic play by James M. Barrie: *Peter Pan or The Boy Who Would Not Grow Up.* The copyright for the play by Barrie is held by The Hospital for Sick Children, Great Ormond Street, London. The hospital and its licensee enjoined the plaintiff from producing the play which the playwright claimed to have created and obtained a monetary award against the plaintiff in lieu of damages, profits, attorney fees and costs.

The plaintiff, in turn, sued the playwright in the Federal District Court alleging: (1) she had fraudulently represented that her play did not infringe on the copyright to another play; and (2) she had breached her warranty of title to the play. The playwright moved to dismiss the suit for lack of subject matter jurisdiction. The District Court denied her motion. The Court of Appeals affirmed holding:

> "[A]n essential element of a cause of action for breach of warranty is an allegation of the fact of the breach. [Citation omitted.] The complaint here fulfilled that requirement by asserting that, contrary to [the playwright's] representation that she had the right to license or sell her play, and that it did not infringe Barrie's copyright, the licensing of that property constituted an infringement thereof. Proof of that claim plainly required the construction of the copyright laws of the United States in order to establish the existence of the infringement, for the existence of the infringement was necessary to prove the breach of warranty."

*Christopher,* 662 F. (2d) at 1083.

*Schrut* combines the bone-rattling immediacy of front-line journalism with the raw irony of Oscar Wilde.[10] A freelance photographer noticed none other than the namesake and son of the President of the United States standing in line at an unemployment office, waiting to receive benefits. Realizing the irony of the situation, she moved quickly to snap photographs of him and almost as quickly to enter into a contract selling the photographs to the *New York Post.* (Presumably, this enabled her, at least, to escape the need for unemployment benefits.) According to the terms of the contract: "The Post agrees the pictures are for one time use only in the Post but the Post reserves the right to flash back to the pictures in subsequent editions." *Schrut,* 123 Misc. (2d) at 846, 474 N. Y. S. (2d) at 904.

More than two months after the photographs were first published, the newspaper republished one of them as a part of a "current events quiz." The article in which the photograph had first appeared was not republished and no reference was made to any "flash back." The photographer sued the newspaper in the New York City Small Claims Court, alleging breach of contract. The Court dismissed her suit for lack of subject matter jurisdiction, holding:

> Although the claimant instituted what appears to be an action for breach of contract within the monetary and overall subject matter jurisdiction of the Small Claims Court, the federal copyright statutes have expressly preempted claims seeking relief under the common law or statutes of any State which, in essence, seek relief for copyright infringement.

*Id.* at 847, 474 N. Y. S. (2d) at 905.

Consistent with the decisions in these cases, we hold the action brought by Mr. Maxey arises under the United States Copyright Act and, therefore, reverse the order of the Circuit Court denying the motion of R. L. Bryan to dismiss for lack of subject matter jurisdiction and remand the case for

---

[10] *Cf.* K. Vonnegut, *Palm Sunday* xv (1981) ("This book combines the tidal power of a major novel with the bone-rattling immediacy of front-line journalism—which is old stuff now, God knows, God knows.").

an order of dismissal to be entered.

Reversed and remanded.

GARDNER and BELL, JJ., concur.

