## 88-MO-103

DOCKSIDE ASSOCIATION, INC., Respondent v. DETYENS, SIMMONS & CARLISLE, a South Carolina Limited Partnership; William J. Detyens, a/k/a W. J. Detyens; Harold Simmons; William A. Carlisle, a/k/a W. A. Carlisle, as its general partner and individually; McDevitt & Street, Inc.; C. E. Maguire, Inc., successor in interest to Lyles, Bissett, Carlisle & Wolfe, Inc., Defendants. McDEVITT & STREET, INC., Defendant and Third-Party Plaintiff v. MAXSON-BETTS CO., Seth Lumber Company, Inc. The Bonitz Insulation Co. of South Carolina and Williams Contracting, Inc., Third-Party Defendants, of whom McDevitt & Street, Inc., and C. E. Maguire, Inc., successor in interest to Lyles, Bissett, Carlisle & Wolfe, Inc., are Appellants, and Detyens, Simmons & Carlisle, a South Carolina Limited Partnership, William J. Detyens, a/k/a W. J. Detyens, Harold Simmons, William A. Carlisle, a/k/a W. A. Carlisle, as its general partner and individually, are Respondents. Appeal of McDEVITT & STREET, INC. and C. E. Maguire, Inc., successor in interest to Lyles, Bissett, Carlisle & Wolfe, Inc.

(374 S. E. (2d) 907)

Court of Appeals

*Morris D. Rosen* of *Rosen, Rosen & Hagood,* and *William H. Grimball* of *Grimball & Cabaniss,* Charleston, *for appellants.*

*W. H. Bundy, Jr., A. Arthur Rosenblum, Harvey M. Spar* of *Shimel, Ackerman, Theos & Spar,* and *T. E. Pederson,* Charleston, and *Russell H. Putnam, Jr.,* Columbia, *for respondents.*

*John U. Bell, III* of *Nelson, Mullins, Grier & Scarborough, Jeter E. Rhodes, Jr.,* of *Whaley, McCutchen, Blanton & Rhodes,* and *David B. Betts,* Columbia, *for third-party defendants.*

Submitted Sept. 21, 1988.

Decided Oct. 28, 1988.

*Per Curiam:*

This case is before us for the second time on appeal. In our prior decision, we reversed the overruling of demurrers of McDevitt & Street and C. E. Maguire. *See Dockside Association, Inc. v. Detyens, Simmons, and Carlisle,* 285 S. C. 565,

330 S. E. (2d) 537 (Ct. App. 1985). On a writ of certiorari to this Court, the Supreme Court reversed our holding that Dockside lacked capacity to sue, but affirmed the result of our decision. *See Dockside Association, Inc. v. Detyens, Simmons, and Carlisle*, 287 S. C. 287, 337, S. E. (2d) 887 (1985).

On remand to the circuit court, Dockside moved for leave to amend its complaint against all defendants, including McDevitt and Maguire. At the hearing on the motion, McDevitt and Maguire took the position that they were no longer parties to the suit. The circuit court granted the motion to amend the pleadings. Neither McDevitt nor Maguire appealed from that order.

Dockside thereafter served its amended complaint on counsel for all the defendants. Counsel for McDevitt and Maguire acknowledged and accepted service of the amended complaint.

McDevitt and Maguire then moved to dismiss the amended complaint pursuant to Rule 12(b)(2), (4), and (5), claiming that they were no longer parties to the original suit and had not been served with a summons in connection with the amended action. The circuit court denied the motions to dismiss. McDevitt and Maguire appeal. We affirm.

Due to some imprecision in the language of the appellate opinions, there was understandable confusion as to the status of the various parties and claims when the matter was remanded to the circuit court. We think it clear, however, that McDevitt and Maguire remained parties to the suit.

In the original complaint, the first, second, third, sixth, and seventh causes of action stated claims by Dockside against McDevitt and Maguire. We reversed the order of the circuit court overruling the demurrers to these causes of action on two grounds: (1) that Dockside lacked capacity to sue; and (2) that these causes of action were improperly united with two additional causes of action brought by other plaintiffs in the case. The Supreme Court reversed our decision on the issue of Dockside's capacity to sue. It did not grant review on the other issues.

Ordinarily, the effect of the Supreme Court's reversal would have been to reinstate the order of the circuit court allowing Dockside to proceed on these claims against

McDevitt and Maguire. *Coit v. Sistare*, 85 Conn. 573, 84 A. 119 (1912); *Witteman v. Dunkle*, 21 Ohio St. (2d) 3, 254 N. E. (2d) 345 (1969) (when appeals court decision reversing trial court is itself reversed, the trial court's decision is reinstated). But because the Court chose not to review our second ground for reversing the circuit court, the result remained unchanged. Therefore, the case returned to the circuit court in the same posture as if the demurrers had been sustained by that court in the first instance on the ground that causes of action had been improperly united.

Once Dockside lost on the demurrers, it was permitted to seek leave of the court to replead to correct the deficiencies in the original complaint. *See Braudie v. Richland County*, 217 S. C. 57, 59 S. E. (2d) 548 (1950). It did so by filing a motion to amend the complaint, which the court (per Judge Smith) granted. McDevitt and Maguire did not appeal that decision. When the issue was again raised by the Rule 12(b) motions to dismiss, the court (per Judge Fields) correctly held that the matter had been adjudicated by the granting of the motion to amend.

McDevitt and Maguire erroneously assert that they were no longer parties to the action after the Supreme Court decision. Neither our opinion nor the Supreme Court's dismissed them as parties.[1] As far as the record discloses, no judgment dismissing them was entered in the circuit court. On the contrary, the court continued to treat them as parties to the action after the cases returned from the first appeal. When they raised the issue in response to Dockside's motion to amend the complaint, the court ruled against them. Until there was an entry of judgment dismissing Dockside's action against them, they remained subject to the jurisdiction of the court.

McDevitt and Maguire also argue that Dockside had no right to amend the complaint when the case returned to the circuit court because no court had made

---

[1] In view of the Supreme Court's modification of our decision on certiorari review, the mandate in our original opinion should be changed from REVERSED to REVERSED AND REMANDED to avoid any ambiguity. *See, State Farm Mutual Insurance Co. v. Superior Court of Pima County*, 15 Ariz. App. 3, 485 P. (2d) 593 (1971). The Clerk of Court is hereby ordered to make this correction in the mandate of the original opinion.

an order pursuant to Section 15-13-340, Code of Laws of South Carolina, 1976, permitting it to plead over. The short answer is that Section 15-13-340, was repealed effective July 1, 1985. The Supreme Court's decision was filed on December 16, 1985. At that point, any further proceedings in the case were governed by the South Carolina Rules of Civil Procedure. Rule 86, S.C.R. Civ. P.; *Burnsed v. Greene*, 291 S. C. 59, 351 S. E. (2d) 910 (Ct. App. 1986). Pursuant to Rule 15(a), Dockside should have been given leave to amend its complaint. *See Forman v. Davis*, 371 U. S. 178, 83 S. Ct. 227, 9 L. Ed. (2d) 222 (1962) (where complaint is dismissed under Rule 12(b)(6), plaintiff should be granted leave to file an amended complaint).[2] Therefore, we discern no error.

The judgment of the circuit court is affirmed.

---

[2] In our opinion, the same result would be reached under Section 15-13-340. That statute was to be construed liberally to allow an erring pleader to redraw his complaint. *Brown v. School District of Greenville County*, 251 S. C. 220, 161 S. E. (2d) 815 (1968). There is no merit to the contention that the circuit judge could not permit amendment unless this Court or the Supreme Court had given leave to plead over. The supervision of pleadings is a function of the court of first instance, not of the appellate courts. Unless an appellate order expressly denied a right to replead, the circuit court had full authority to permit amendment without further authorization of the appellate courts.