23721

CRUCIBLE CHEMICAL COMPANY, INC., and Texfi Industries, Appellants v. BURLINGTON INDUSTRIES, INC., and Galey and Lord, Inc., Respondents.

(423 S.E. (2d) 121)

Supreme Court

*A. Camden Lewis* and *Belton T. Zeigler*, both of *Lewis, Babcock & Hawkins*, Columbia, *for appellants.*

*William L. Pope*, of *Pope & Rodgers*, and *Wilmot B. Irvan* and *Terrell L. Glenn*, both of *Glenn, Irvan, Murphy, Gray & Stepp*, Columbia, *for respondents.*

Heard Dec. 5, 1991.

Decided Oct. 5, 1992

FINNEY, Justice:

Appellants Crucible Chemical Company, Inc. and Texfi Industries appeal from a state circuit court order dismissing their action against Respondents Burlington Industries, Inc. and Galey and Lord, Inc., based upon its finding that the action is governed by federal patent laws and is, therefore, within the original jurisdiction of the federal court. We reverse and remand.

A 1982 agreement between the appellants provided for the development, commercial use and sharing of revenue derived from certain technology invented by Crucible, which included an instantaneous "dip-dyeing" process for textiles (Crucible technology).

Crucible and Burlington entered into an agreement under which Burlington acquired exclusive license to the not-yet-fully-developed Crucible technology. Burlington agreed to put forth its "best effort" to utilize, develop and exploit the process within the textile industry, all subject to patents owned by Crucible or for which applications for patents were either pending or contemplated. The agreement contained an exclusivity clause which granted Burlington exclusive access to certain "confidential information, trade secrets and know-how and the right to prevent unauthorized disclosure or use thereof."

On August 11, 1989, appellants instituted suit against the respondents in the Court of Common Pleas for Darlington County, South Carolina. Appellants' complaint sought damages for causes of action alleging

1) breach of the licensing agreement;
2) misappropriation and conversion of Crucible's technology;
3) civil conspiracy;
4) fraud;
5) breach of fiduciary duty; and
6) unfair trade practices, in violation of S.C. Code Ann. § 39-5-10, *et seq.* (1976).

The complaint was subsequently amended to include a seventh cause of action alleging that Burlington had negligently breached a duty to use due care and reasonable diligence in developing and commercializing the Crucible technology.

The case was removed to the United States District Court for the District of South Carolina, Florence Division, pursuant to respondents' Notice of Removal filed September 13, 1989, asserting that appellants' allegation of misappropriation of patent rights constituted a cause of action for patent infringement under Title 35 of the United States Code, bringing the case within the exclusive jurisdiction of the United States District Court under 28 U.S.C. § 1338.

On November 8, 1989, the United States District Court remanded the case to the Court of Common Pleas for Darlington County, South Carolina, based upon its conclusion that none of the stated causes of action arose under federal patent laws.

The United States District Court determined that the

statutory right of removal from state courts "exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes." *Voors v. Nat'l Women's Health Organization, Inc.*, 611 F. Supp. 203, 205 (N.D. Ind. 1985); *Chesapeake and Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 151, 34 S.Ct. 278, 278, 58 L.Ed. 544 (1914). Original jurisdiction of any action arising under an Act of Congress relating to patents invested in the United States District Court. 28 U.S.C. § 1338(a). The United States Supreme Court has provided guidance as to the classification of such cases in its declaration that this exclusive jurisdiction

> ... extends only to those cases in which a well pleaded complaint establishes that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal patent law, such that patent law is a necessary element of one of the well-pleaded claims.

*Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 801, 108 S.Ct. 2166, 2168, 100 L.Ed. (2d) 811 (1988).

The United States District Judge reasoned that not every controversy involving a patent arises under patent law. He cited *Luckett v. Delpark, Inc.*, 270 U.S. 496, 502, 46 S.Ct. 397, 399, 70 L.Ed. 703 (1926), wherein the United States Supreme Court held that, as a general rule, "a suit by a patentee for royalties under a license or assignment granted by him, or for any remedy in respect of a contract permitting use of the patent, is not a suit under the patent laws of the United States, and cannot be maintained in a Federal court as such."

The United States District Court determined that a suit brought on a contract of which a patent is the subject matter, or patent-related actions based upon tort law do not necessarily arise under the federal patent laws. *See Wade v. Lawder*, 165 U.S. 624, 627, 17 S.Ct. 425, 426, 41 L.Ed. 851 (1897); *Tubeco, Inc. v. Crippen Pipe Fabrication Corp.*, 402 F. Supp. 838 (E.D. N.Y.) *affd*, 538 F. (2d) 314 (2d Cir. 1976).

The remanding court noted the absence from appellants' complaint of a direct allegation of patent infringement. It also distinguished the breach of a licensing agreement from a

patent infringement, and referred to the record wherein the respondents conceded that patent law did not form the basis of appellants' cause of action alleging breach of the licensing agreement.

Likewise, the United States District Court dispelled respondents' assertions as to appellants' remaining causes of action by reasoning that, although the subject matter of the action was related to patents, the action was lacking the elements of patent law required to bring the case within the exclusive jurisdiction of that Court.

On October 9, 1990, pursuant to respondent's motion seeking dismissal of the action, the state court dismissed the case with the proviso that the appellants were free to file the patent case in federal court, citing the six-year statute of limitations provided in 35 U.S.C. § 286, and suggesting that appellants had reserved the right to file a patent case in their responses to respondent's request to admit.

The state court based its decision upon the posture of the case at the time it considered respondent's motion to dismiss, which it perceived to be other than as it was at the time of remand by the federal court. The state court illustrated its view with the following statement of counsel for the appellants at the federal court hearing on appellants' motion to remand.

> I stipulate here with the court reporter present that this is not a case where we're asking for any sort of remedy against Burlington for the use of patented technology without the appropriate authorization. That is not what this complaint is about.

Hearing of Nov. 1, 1989, Tr. p.11.

After the case was remanded to the state court, Respondent Burlington served its First Set of Request of Admissions in which it propounded the following request:

> Please admit that the plaintiffs are not seeking any remedy against the defendant Burlington Industries, Inc. for the unauthorized use, appropriation or infringement of plaintiffs' patented technology.

Appellants responded:

Denied. It is however admitted that the subject litigation does not contain a patent infringement cause of action but is a case based upon a breach of a Licensing agreement and the other causes of action as set forth in the Complaint. That is not to say that the Plaintiff may not have a patent infringement case yet to be brought.

As a result of respondents' motion to determine the sufficiency of appellants' answer, filed pursuant to Rule 36, SCRCP, the appellants amended its answer as follows:

Plaintiffs specifically are seeking a remedy against Burlington for the unauthorized use and appropriation of patented technology through breach of the Licensing Agreement.

The state court held that appellants' answer states an intention to seek relief which requires a construction of the patent laws and is in direct contradiction to the stipulation made by appellants' counsel at the federal court level.

The circuit court cites *Maxey v. R.L. Bryan Co., Inc.*, 295 S.C. 334, 368 S.E. (2d) 466 (Ct. App. 1988), as controlling. In *Maxey*, our Court of Appeals held that the state court lacked jurisdiction where the plaintiff, alleging breach of contract for failure to register copyright, had to prove not only that the contract was breached, but that in a prior federal action the defendant infringed his copyright, as well as having to prove the amount of statutory damages and attorney fees he would have recovered in federal court.

The state court construed the action under consideration to be one alleging patent infringement, which would remove it from jurisdiction of the state court, and concluded that the cause of action for conversion would necessarily require the application of patent law. Based upon its finding that the appellants had affirmatively admitted that the complaint presented questions relating to patents, the state court decided that it was without jurisdiction and dismissed the action. We disagree.

First, this court does not construe the appellants' answer or amended answer to the request for admission to alter the gravamen of the stated causes of action so as to vary construction of the law applicable to the case and from the application

envisioned by the federal court when it remanded.

Second, under the holding of *Christianson v. Colt Industries Operating Corp., supra,* the federal court has jurisdiction in those case where a) federal patent law creates the cause of action; or b) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law. In applying this two-part test, we conclude that the allegations of appellants' complaint are causes of action not created by federal patent law nor do appellants' right to relief necessarily depend upon the resolution of a substantial question of federal patent law.

Our reading of the well-pleaded complaint reflects that appellants' causes of action do not arise from a violation of federal patent laws. Rather, they result from alleged breach of the licensing agreement and constitute state claims to which patent law is merely incidental. Furthermore, the damages sought in the tort actions, if proven, result from a violation of terms of the agreement. Although patented technology may comprise in part the subject matter of the licensing agreement which gives rise to the causes of action, in the view of this Court, that fact is insufficient to invoke the elements of patent law required to compel federal court jurisdiction.

Additionally, appellants' complaint raises distinct contractual and tort issues over which state court jurisdiction is undisputed. As a general rule if, upon its face, a complaint sets forth allegations which would entitle a plaintiff to any relief under any theory of the case, dismissal of the action is inappropriate. *Toussaint v. Ham,* 292 S.C. 415, 357 S.E. (2d) 8 (1987).

Accordingly, we hold that jurisdiction of the issues raised herein rests in the state court and remand this case to the Court of Common Pleas for Darlington County, South Carolina.

Reversed and remanded.

HARWELL, C.J., and CHANDLER and TOAL, JJ., concur.

GEORGE T. GREGORY, JR., Acting Associate Justice, not participating.