**Seiji KAKIZAKI, Plaintiff,**

v.

**Bettina RIEDEL and Bettina Riedel Ltd., Defendants.**

**No. 92 Civ. 3939 (JSM).**

United States District Court,
S.D. New York.

Dec. 15, 1992.

Seiji Kakizaki, Nancy E. Wolff, Cavallo & Wolff, New York City, for plaintiff.

Bettina Riedel and Riedel Ltd., Helene Godin, Moses & Singer, New York City, for defendants.

## OPINION AND ORDER

MARTIN, District Judge:

This motion for summary judgment and to dismiss plaintiff's claims requires this Court to determine whether, under the Federal Copyright Act of 1976, plaintiff's copyright in a photographic image he created was destroyed by its publication without proper copyright notice and whether the Act of 1976 preempts certain state causes of action. Defendant's motion for summary judgment on plaintiff's claim for copyright infringement is granted because defendant's distribution of the photographic image without copyright notice, pursuant to plaintiff's authorization, placed the work in the public domain. Defendant's motion to dismiss plaintiff's claims for injury to reputation, misappropriation and conversion, and unjust enrichment is granted because these claims are preempted by the Copyright Act of 1976.

## BACKGROUND

In 1982 plaintiff Seiji Kakizaki either offered, or was asked by defendant Bettina Riedel, to take a picture of defendant for Riedel to use as a graphic for invitations to the opening of her first clothing store. In any event, plaintiff did take a photograph and, through the use of special effects, created a unique image ("the work"). It is undisputed that he then gave one print of the work to defendant for her to send to people ("the invitees") to invite them to the opening party.

In essence plaintiff asserts he licensed defendant to use the photo for only this one occasion. Defendant asserts that he gave her the photo for "old time's sake," as an unconditional gift for her to use as she saw fit. They both do agree that he handed her one print of the photo, which did not bear upon it a copyright notice, to mail to the invitees. They agree that he asked for, and did receive, credit for the work on the invitations. Defendant mailed it bearing the phrase, "Photo by Seiji Kakizaki." However, the card defendant mailed contains none of the notices of copyright which the Copyright Act of 1976 requires in order to maintain a copyright (ie., "Copyright", "Copr.", or the letter "C" in a circle). 17 U.S.C. §§ 401, 405 (1977 & Supp.1992). Plaintiff concedes that he did not discuss with defendant the protection of his copyright. He merely asserts that he "assumed that when [he] told her that [he] required proper credit that she would put the copyright notice on, or anything necessary to protect [his] photograph and prevent it from being placed in the public domain." He further alleges that she has repeatedly used the photographic image without his authorization subsequent to the initial mailing.

Kakizaki filed a complaint in this action for copyright infringement, conversion and misappropriation, unjust enrichment, and injury to reputation. Defendant Riedel has moved for summary judgment and to dismiss the complaint.

## DISCUSSION

■ The standard for summary judgment requires that there be no questions of material fact in order for this Court to reach the questions of law which are dispositive of the claim. In considering a motion for summary judgment, the non-movant's facts, which are backed by affidavits or other appropriate evidence, must be taken as true and "are viewed in the light most favorable to the non-movant." *Cartier v. Lussier*, 955 F.2d 841, 845 (2d Cir. 1992) (cites omitted).

> In the procedural context of Rule 56(c), if—even when all facts as alleged by the nonmoving party are regarded as true— the moving party is still entitled to judgment as a matter of law, then factual disputes however genuine are not material, and their presence will not preclude summary relief." *Id.*

Therefore, this action is an appropriate one for disposition on motion for summary judgment.

This case must be decided under the Copyright Act of 1976, 17 U.S.C. §§ 101–810 (1977 & Supp.1992), since the work was created and first published after 1978 (the effective date of the Act of 1976) and before 1989 (the effective date of the international Berne Convention on Copyright, Berne Convention Implementation Act of 1988, Pub.L. No. 100–568, 102 Stat. 2853 (amending 17 U.S.C. § 101 et seq.)). Under the Act of 1976, copyright protection attached to the photo at the moment it was created by plaintiff so that it could be viewed and reproduced. 17 U.S.C. § 102(a)(2). The copyright that automatically attached to the photo could have been divested by a publication of the photo without proper copyright notice. 17 U.S.C. §§ 401, 405.

The courts have construed the term "publication" in the Act of 1976 to incorporate into it the common law definition of publication. *Hubco Data Prods. Corp. v. Management Assistance, Inc.,* 219 U.S.P.Q. (BNA) 450, 1983 WL 1130 (D.Iowa 1983); *Schuchart & Assocs. v. Solo Serve Corp.,* 220 U.S.P.Q. (BNA) 170, 1983 WL 1147 (W.D.Tex.1983); *see also* MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT, § 4.13[B] (1976 & Supp.1992). The common law of copyright draws a distinction between general and limited publication. *White v. Kimmell,* 193 F.2d 744, 746–47 (9th Cir.1952). A limited publication "does not result in loss of the author's common-law right to his manuscript; but [ ] the circulation must be restricted both as to persons and purpose, or it can not be called a private or limited publication." *Id.* at 747. A publication that is not limited is general. A general publication without copyright notice destroys the copyright in a work. *Id.*

A limited publication is one which "communicates the contents of a [work] to a definitely selected group and for a limited purpose, and without the right of diffusion, reproduction, distribution or sale...." *Id.*

at 746–47. "[E]ven if the distribution of copies is limited to a selected group, the publication will nevertheless be general unless there is an express or implied limitation as to the purpose for which such copies may be used by the group." *American Vitagraph, Inc. v. Levy,* 659 F.2d 1023 (9th Cir.1981); *White v. Kimmell,* 193 F.2d 744 (9th Cir.1952); *Gardenia Flowers, Inc. v. Joseph Markovits, Inc.,* 280 F.Supp. 776 (S.D.N.Y.1968). Plaintiff does not raise any genuine issue of material fact with regard to the question of whether he required defendant to indicate to the recipients of the photo that they were limited in any way as to the uses they might make of the photo.[1] It is clear from the papers submitted that the invitees' use of the photos was not restricted in any way. A publication without a limited purpose, to even one person, is a general publication. *Burke v. NBC, Inc.,* 598 F.2d 688, 691 (1st Cir.1979). "Unless such a limitation is imposed the group which ultimately may receive the copies will be unlimited." 1 NIMMER, *supra,* § 4.13[A][2] (cites omitted). Thus, defendant's distribution of the photo to the invitees as authorized by plaintiff was a general publication which destroyed his copyright in the work.

Any work that is generally published by authority of the copyright owner, without the proper copyright notice, loses its copyright unless one of three exceptions apply. 17 U.S.C. § 405(a). Two of the three exceptions clearly do not apply to this case. Section 405(a)(2) saves a copyright if "registration of the work has been made before or is made within five years after the publication without notice...." 17 U.S.C. § 405(a)(2). Since registration of the photo was not made until 1992, more than five years after the photo was published without notice in 1982, section 405(a)(2) does not save the copyright. Nor does § 405(a)(3) save the copyright since there was "no express requirement in writing that, as a condition of the copyright owner's authorization of the public distribution of copies

---

**1.** Kakizaki's assertion that he impliedly meant for Riedel to include a copyright notice on copies she sent out is irrelevant since any requirement that a copyright notice be included

must be in writing in order for it to serve as the basis for an exception to the rule of divestment of copyright. 17 U.S.C. § 405(a)(3).

..., they bear the prescribed notice." 17 U.S.C. § 405(a)(3).

■ Only the third exception need be addressed in detail. Section 405(a)(1) prevents the divestment of copyright in a work if "the notice has been omitted from no more than a relatively small number of copies ... distributed to the public." 17 U.S.C. § 405(a)(1). No bright line has been established as to how many is a "relative few" but a review of the cases decided clarifies the issue.

Three thousand copies out of a total of 600,000 copies (0.5% of the total) was found to be no more than a relative few and copyright was not divested by the omission. *E. Mishan & Sons, Inc. v. Marycanna, Inc.*, 662 F.Supp. 1339 (S.D.N.Y.1987). Likewise, the Eleventh Circuit found that 400 out of 40,000 copies (1.0% of the total) was no more than a relative few. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821 (11th Cir.1982). Significantly, the Eleventh Circuit later found that 2,500 out of 102,500, or 2.4%, was more than a relative few. *Donald Frederick Evans & Assoc. v. Continental Homes, Inc.*, 785 F.2d 897 (11th Cir.1986). Furthermore, 710 out of 28,000 (2.54% of the total) was found to be more than a relative few. *Wabash Pub. Co. v. Flanagan*, 10 U.S.P.Q.2d (BNA) 1714, 1989 WL 32939 (N.D.Ill.1989). There are also several cases which have found that omission of notice from 10.5% to 80.0% of the total number of copies amounted to more than a relative few. *E.g., Cooling Sys. & Flexibles, Inc. v. Stuart Radiator*, 777 F.2d 485 (9th Cir.1985); *Lifshitz v. Walter Drake & Sons, Inc.*, 1989 Copyright L.Dec. (CCH) ¶ 26,379 (N.D.Cal.1988).

Plaintiff bears the burden to prove that less than a relative few of the total number of photos distributed were without a proper copyright notice. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–22, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1985); *Princess Fabrics, Inc. v. CHF, Inc.*, 922 F.2d 99, 102 (2d Cir.1990); *House of Hatten, Inc. v. Baby Togs, Inc.*, 668 F.Supp. 251, 256 (S.D.N.Y.

1987). The evidence he has presented is inconclusive. However, this does not raise a sufficient factual issue to preclude summary judgment. It is permissible for this Court to draw a plausible inference in favor of the non-movant from the evidence presented. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–53, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986); *see also* WILLIAM W. SCHWARZER, ALAN HIRSCH, DAVID J. BARRANS, FEDERAL JUDICIAL CENTER, THE ANALYSIS AND DECISION OF SUMMARY JUDGMENT MOTIONS 61 (1991).

Plaintiff has presented evidence in his affidavit that, even if accepted as true, does not prove that less than a relative few of the distributed photos lacked a notice. Plaintiff asserts that he authorized defendant to mail the photo to "a few" friends. At argument on this motion, plaintiff's counsel conceded that it was reasonable for plaintiff to expect that defendant would mail the photo to at least 100 guests. Upon attending the opening, plaintiff observed about 100 guests; a number over which he has expressed no surprise or consternation. Thus it is reasonable to infer that plaintiff authorized defendant to mail the work to at least 100 invitees.

Plaintiff also alleges that he was given one hundred of the postcards to use. He alleges that he included a copyright notice on each of the postcards he sent out. However, he does not indicate how many of the postcards he sent out. Drawing a more than reasonable inference in favor of plaintiff-movant, he may have sent out all one hundred cards with notice.

Thus, viewing these facts in the light most favorable to Kakizaki, he sent out 100 copies with proper notice and he had authorized defendant to send to out 100 copies. Since 50% of the total copies mailed with the author's permission (100 by defendant plus 100 by plaintiff) did not contain proper notice, more than a relative few were distributed without proper notice. Therefore, § 405(a)(1) does not apply to save the copyright in the work.[2]

---

**2.** Even if the number of copies actually sent out | by Riedel was only three, which is highly un-

Since none of the § 405(a) exceptions apply, plaintiff's copyright was divested by the general publication without notice of the photo to the limited audience of recipients of the invitation without any limits on the uses they could make of the photo.

Plaintiff's other claims are now considered. "State causes of action are 'equivalent' to the exclusive rights within copyright law, and are accordingly preempted by that statute, unless they are 'qualitatively different' from the rights granted under the Copyright Act." *Wolff v. Institute of Elec. & Elecs. Eng'g*, 768 F.Supp. 66 (S.D.N.Y.1991) (cites omitted); *see also* 1 NIMMER, *supra*, § 1.01[B][1]. Courts' decisions, as well as Prof. Nimmer, make it clear that state-law claims which are based upon the unauthorized reproduction of a work are equivalent to claims for infringement under federal copyright law.

 Plaintiff's unjust enrichment, misappropriation and conversion, and injury to reputation claims all flow from the alleged unauthorized use of the photo by defendant. The unjust enrichment, misappropriation and injury to reputation claims, while properly pleaded, are preempted by the Copyright Act. *Warner Bros. v. ABC*, 720 F.2d 231 (2d Cir.1983); *Selmon v. Hasbro Bradley, Inc.*, 669 F.Supp. 1267 (S.D.N.Y. 1987); *Editorial Photocolor Archives, Inc. v. Granger Collection*, 61 N.Y.2d 517, 474 N.Y.S.2d 964, 463 N.E.2d 365 (1984); *Ehat v. Tanner*, 780 F.2d 876 (10th Cir.1985).

Plaintiff's conversion claim is simply inappropriate. Although conversion is actually a claim based on the physical taking of the property of another, plaintiff alleges that defendant's use of the photo by reproducing copies of it amounts to misappropriation and conversion. Thus, plaintiff is actually alleging that defendant infringed his copyright in his expression as embodied in the photo. Such an act on defendant's part is covered by the Copyright Act of 1976 and plaintiff's claim is therefore preempted. *Harper & Row Pub-*

*lishers, Inc. v. Nation Enters.*, 723 F.2d 195, 200 (2d Cir.1983).

## CONCLUSION

Summary judgment is granted to defendant on plaintiff's copyright infringement claim. Plaintiff's second claim for injury to reputation, third claim for misappropriation and conversion, and fourth claim for unjust enrichment, are dismissed.

SO ORDERED.

---

likely, then as a matter of law there would still have been more than a relative few copies of the work sent out without copyright notice. One hundred sent by plaintiff plus three sent by

defendant equals 103. Three is 2.91% of 100. This is still more than a relative few. Any other combination of figures does not improve plaintiff's position.