24329

Bobbie June GRIGGS, Appellant v. SOUTH CAROLINA ELECTRIC & GAS COMPANY, Respondent. Peter Harvey GRIGGS, Appellant v. SOUTH CAROLINA ELECTRIC & GAS COMPANY, Respondent.

(463 S.E. (2d) 608)

Supreme Court

*John P. Bowler,* of *John P. Bowler & Associates, P.A.,* North Charleston, *for appellant.*

*John M. Mahon, Jr.,* Columbia, *for respondent.*

Heard May 31, 1995.

Decided Oct. 16, 1995; Reh. Den. Nov. 16, 1995.

MOORE, Justice:

The circuit court granted respondent's motion to dismiss for lack of subject matter jurisdiction on the ground the federal Copyright Act[1] (Act) preempts appellants' complaints. We affirm.

## FACTS

In 1989, appellant Bobbie June Griggs submitted a recipe in the Third Annual Rice Cook-Off sponsored by respondent South Carolina Electric and Gas Company (SCE&G). Mrs. Griggs was not chosen as a finalist. Her recipe, however, was published with all the recipes entered in the contest in a cookbook commemorating the event. Mrs. Griggs demanded her recipe be removed from the cookbook as the publication of the recipe prevented her from entering it in future contests. Thereafter, however, some copies of the cookbook containing her recipe were distributed.

In 1992, Mrs. Griggs brought this action alleging the recipe was her sole creation and SCE&G's printing it without her authorization caused her injury. Mrs. Griggs brought several causes of action including conversion, negligence, quasi-contract, and outrage. Mr. Griggs brought an action for loss of consortium. SCE&G made a motion to dismiss for lack of subject matter jurisdiction on the ground that Mr. and Mrs. Griggs' actions were actually actions under the Act which preempts any state claims.

## ISSUES
1) Did the circuit court err in granting SCE&G's motion to dismiss?
2) Did the trial court err in denying the Griggs' motion to amend their complaints?

## DISCUSSION
1) Motion to dismiss.

---

[1] 17 U.S.C. § 101 et seq. (1977).

"The [federal] courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." 28 U.S.C. § 1338(a) (1982). The Act preempts state rights that cover works which fall within the Act's subject matter and protect rights which are equivalent to the exclusive rights within the scope of the act. 17 U.S.C. § 301(a) (1977).

First, we must address whether a single recipe is within the subject matter of the Act.[2] In *Fargo Mercantile Co. v. Brechet & Richter Co.*, 295 F. 823 (8th Cir. 1924), the court held a recipe is copyrightable. Under *Fargo*, Mrs. Griggs' recipe falls within the subject matter of the Act. "As long as a work fits within one of the general subject matter categories of sections 102 and 103, the [Act] prevents the States from protecting it even if it fails to achieve Federal statutory copyright. . . ." 17 U.S.C. § 301 Note (1977). Second, we must determine if the rights sought to be protected are equivalent to those within the general scope of the Act.

Mrs. Griggs alleges conversion, negligence, quasi-contract, and outrage. Generally, "there is no preemption of state law conversion, since the rights are not 'equivalent' to copyright. If, however, contrary to the usual view of conversion, it is regarded as encompassing unauthorized reproduction, then the rights created are indeed 'equivalent' to copyright, and the state law is preempted." *Nobel v. Bangor Hydro-Electric Co.*, 584 A. (2d) 57 (Me. 1990). *See generally 1 Nimmer on Copyright* §§ 1-14(1)-1-14.5. Mrs. Griggs' conversion claim is based upon SCE&G's publication of her recipe without authorization. Therefore, it is preempted. Likewise, as the claim of quasi-contract is based upon the uncompensated and unauthorized publication of the recipe, it is also preempted.

Mrs. Griggs' negligence and outrage claims are based upon SCE&G's failure to advise Mrs. Griggs the recipe would be published and remove the recipe from the cookbook. Again, these claims stem from SCE&G's unautho-

---

[2] The Griggs' failure to obtain copyright protection under the Act does not allow them to evade preemption. 1 M. Nimmer, *Nimmer on Copyright* § 1.01(B) (1994).

rized publication of the recipe. Therefore, they are equivalent to copyright rights and preempted. *See Kakizaki v. Riedel,* 811 F. Supp. 129 (S.D.N.Y. 1992). Thus, we hold the Act preempts the Griggs' actions and the circuit court correctly dismissed the complaints.[3]

2) Amendments of Complaints

The Griggs content the circuit court erred in denying their motion to amend their complaints. We disagree. Because it lacked subject matter jurisdiction, the circuit court denied the Griggs' motion. Since we hold the circuit court did not err in dismissing the complaints because the Act preempts them, the circuit court did not have subject matter jurisdiction to allow amendment of the complaints. *See Dockside Assoc. v. Detyens,* 297 S.C. 91, 374 S.E. (2d) 907 (Ct. App. 1988). Accordingly, the order of the circuit court is

Affirmed.

FINNEY, C.J., and TOAL and WALLER, JJ., concur.

BURNETT, A.J., concurring in part and dissenting in part in separate opinion.

BURNETT, Justice (concurring in part and dissenting in part):

I respectfully dissent from the  holding that the cause of action for intentional infliction of emotional distress (outrage) and the derivative action for loss of consortium are preempted by the federal Copyright Act (Act).

I agree the Act preempts civil actions which arise under the Act. An action "arises under" the Act "if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction, 17 U.S.C. § 101, . . . or asserts a claim requir-

---

[3] The dissent quotes *Maxey v. R.L. Bryan Co.,* 295 S.C. 334, 368 S.E. (2d) 466 (Ct. App. 1988) (citing *T.B. Harms Co. v. Eliscu,* 339 F. (2d) 823 (2d Cir. 1964), for the test of whether an action arises under the Act. Judge Sanders in *Maxey* stated the test from *T.B. Harms* was "a rather convoluted rule" and held "it would appear that the question boils down to whether the aspect of the case which involves the Copyright Act is 'a big deal.' If it is, we are required to 'make a federal case out of it.' " 295 S.C. at 337, 338, 368 S.E. (2d) 466 (footnotes omitted). Here, the publication of the recipe is "a big deal" in Mrs. Griggs' actions for negligence and outrage and, therefore, they are preempted.

ing construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Maxey v. R.L. Bryan Co., Inc.*, 295 S.C. 334, 336, 368 S.E. (2d) 466, 467 (Ct. App. 1988) (citing *T.B. Harms Co. v. Eliscu*, 339 F. (2d) 823 (2d Cir. 1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed. (2d) 435 (1965)).

Mrs. Griggs alleges in her complaint that "[t]he Defendant, through its assurances that it would remove Plaintiff's recipe from its cookbooks coupled with its subsequent . . . failure to do so" inflicted intentional emotional distress upon her. This cause of action arises from the conduct of the Defendant. The majority's conclusion that this cause of action is preempted because it "stems from" the publication significantly modifies the test of *Maxey*.

To recover for outrage, a plaintiff must prove (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct, (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community, (3) the actions of the defendant caused the plaintiff's emotional distress, and (4) the emotional distress suffered by the plaintiff was severe so that no reasonable person could be expected to endure it. *Ford v. Hutson*, 276 S.C. 157, 276 S.E. (2d) 776 (1981).

The basis of a cause of action for outrage is the conduct of the Defendant. The tangential relationship of this conduct to a publication covered by the Act cannot serve to insulate the Defendant from potential liability.

Applying the *Maxey* test, the outrage cause of action is not for a remedy expressly granted by the Act, does not assert a claim requiring construction of the Act, and does not present a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. This claim simply does not "arise under" the Act.

I would reverse the decision of the trial court to the extent that it dismissed Mrs. Griggs' cause of action for outrage and Mr. Griggs' cause of action for loss of consortium. I express no opinion on the merits of either claim.